Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
Megan E. Ross (SBN 227776)
mross@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Tel:  (626) 795-4700
Fax:  (626) 795-4790

Alaina C. Hawley (SBN 309191)
ahawley@scopelitis.com
James A. Eckhart (SBN 321101)
jeckhart@scopelitis.com
SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN  46204
Tel: (317) 637-1777
Fax: (317) 687-2414

Attorneys for Defendant,
J.B. HUNT TRANSPORT, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUY NAM LY and KIET NGUYEN individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> J.B. HUNT TRANSPORT, INC., an Arkansas corporation; and DOES 1 to 100, inclusive, <br><br> Defendants. | Case No.: <br><br> **DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT** |

PLEASE TAKE NOTICE that Defendant removes this case from the Superior Court of Los Angeles County, California, to the U.S. District Court for the Central District of California. In support of removal, Defendant states the following:

1. **The Action**. Plaintiffs, Duy Nam Ly ("Ly") and Kiet Nguyen ("Nguyen"), filed their Class Action Complaint ("Complaint"), captioned *Duy Nam Ly and Kiet Nguyen individually and on behalf of all others similarly situated, v. J.B. Hunt Transport, Inc., an Arkansas corporation; and Does 1 to 100, inclusive,* Case No. BC710744, in the Superior Court of Los Angeles County, California, on June 25, 2018 ("Complaint"). The Complaint asserts ten causes of action for the following claims: (1) declaratory relief under Cal. Code Civ. Proc. § 1060; (2) failure to pay minimum wages Cal. Lab. Code §§ 1194 and 1197); (3) failure to pay overtime wages under Cal. Lab. Code §§ 510, 1194, and 1198 and the applicable wage order ("Wage Order"); (4) failure to provide meal breaks under Cal. Lab. Code §§ 226.7, 512, and the Wage Order); (5) failure to provide rest breaks under Cal. Lab. Code §§ 226.7, 512, and the Wage Order); (6) failure to maintain adequate records under Cal. Lab. Code § 1174 and the Wage Order); (7) failure to reimburse for necessary business expenses under Cal. Lab. Code § 2802; (8) failure to provide adequate wage statements under Cal. Lab. Code §§ 226, 226.2, and 226.3; (9) unlawful deductions from wages under the Wage Order; and (10) unfair competition under Cal. Bus. & Prof. Code § 17200 *et seq.*); (11) quantum merit/unjust enrichment; (12) intentional misclassification under Cal. Lab. Code § 226.8); and (13) violations of the Private Attorneys General Act under Cal. Lab. Code §§ 2698, *et seq.*). Copies of all pleadings and papers filed in the Superior Court of Los Angeles County, California of which Defendant is aware are attached as **Exhibit A**.

2. **Statutory Grounds for Removal.** This action is removable under to 28 U.S.C. § 1441(a), which provides for the removal of state court civil actions over which U.S. district courts have original jurisdiction. As set forth below, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because the amount in

controversy exceeds the sum of $75,000, exclusive of interest and costs, and the case is between citizens of different states.

**3.    Citizenship of the Parties.** Plaintiffs Ly and Nguyen both allege they are residents of the State of California. *See Complaint*, ¶¶ 12, 13. They are therefore citizens of California.

Defendant is a corporation incorporated under the laws of Georgia with its principal place of business located in Arkansas. Therefore, Defendant is a citizen of both Georgia and Arkansas. 28 U.S.C. § 1332(c); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Plaintiff's naming of unidentified "Doe" defendants is irrelevant to removability. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Kruso v. Int'l Tel. & Telegraph Corp.*, 872 F.2d 1416, 1424 (9th Cir. 1989) (the naming of Doe defendants cannot defeat diversity jurisdiction). Plaintiffs and Defendant are citizens of different states, and the diversity requirements of 28 U.S.C. § 1332(a)(1) are satisfied.

**4.    Amount in Controversy – 28 U.S.C. § 1332(a).** To the best of Defendant's information and belief, and without admitting that Defendant engaged in any improper conduct, the amount in controversy in this case, exclusive of interest and costs, exceeds $75,000.00 for at least some of Plaintiff Ly's claims. Specifically, Plaintiffs has alleged that Defendant unlawfully deducted certain amounts from Plaintiffs' compensation, including "fuel, oil, tires and equipment, vehicle maintenance costs and repairs, various taxes and assessments, and expenses necessary to keep their trucks in compliance with all federal and state safety laws and regulations." *Compl.*, ¶ 53. Defendant has deducted more than $75,000 from Plaintiff Ly's compensation during the relevant time period alleged in the Complaint for fuel, maintenance, and business insurance expenses.

In total, Plaintiff Ly has placed more than $75,000 in controversy by just some of his individual claims. Further, Plaintiff Ly has alleged claims for failure to provide

meal and rest breaks, failure to pay minimum wage, as well as wage statement claims among others. *See* ¶ 1, *infra*. The alleged damages stemming from these claims, including Plaintiff Ly's request for attorney's fees, further support the notion that Plaintiff Ly has placed well in excess of $75,000 in controversy in this case.

Defendant only need show that one named plaintiff has placed more than $75,000 in controversy. The United State Supreme Court has held that, "where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement," 28 U.S.C. § 1367 "authorize[s] supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).

The parties are citizens of different states, and the amount in controversy for at least some of Plaintiff Ly's claims exceeds $75,000. This Court therefore has original jurisdiction of this case under 28 U.S.C. § 1332(a), and the case is properly removable under 28 U.S.C. § 1441(a).

**5.      Timeliness of Removal.** Under 28 U.S.C. § 1446, a Notice of Removal may be filed within 30 days of receiving a copy of the complaint or, if the case stated by the complaint is not removable, within 30 days after the receipt of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. The 30-day removal period is not triggered by a complaint lacking specific allegations, for example, that the amount in controversy exceeds that statutory threshold of $75,000 for diversity jurisdiction. *Kuxhausen v. BMW Fin. Servs.*, 707 F.3d 1136, 1139 (9th Cir. 2013) (clock begins running only when the basis for removal is "revealed affirmatively in the initial pleading" (internal quotation marks omitted)). Likewise, the second 30-day removal period only commences when the defendant receives another litigation paper from which it can be ascertained the jurisdictional prerequisites are satisfied. 28 U.S.C. §

1446(b)(3). As applied to the amount-in-controversy requirement, the clock commences only when the defendant receives a post-complaint pleading or other paper that affirmatively and unambiguously specifies a damage amount sufficient to satisfy the federal jurisdictional minimums. *See Kuxhausen*, 707 F.3d at 1139.

Nevertheless, a defendant may remove a case, even if the 30-day period under § 1446 has not commenced, based on the defendants' independent investigation of the amount-in-controversy given the plaintiff's allegations. *Roth v. CHA Hollywood Med. Ctr.*, L.P., 720 F.3d 1121, 1126 (9th Cir. 2013). Here, the 30-day removal period has not commenced because the Complaint did not disclose the amount-in-controversy on its face, and Defendant has not received a post-complaint pleading or other paper that affirmatively and unambiguously specified an amount of damages sufficient to satisfy the federal jurisdictional minimums.

Defendant's Notice of Removal is therefore timely.

**6.     Notice of Removal to Adverse Parties and to State Court Clerk.** Under 28 U.S.C. § 1446(d), Defendant will give written notice of this removal to Plaintiffs and to the Clerk of the Superior Court of Los Angeles County, California. Promptly after filing this Notice of Removal, Defendants will send to Plaintiff and will file with the Clerk of the Superior Court of Los Angeles County, California a Notice of Removal to Adverse Parties and State Court Clerk, a true and correct copy of which is attached as **Exhibit B**.

**7.     No Waiver.** By filing this Notice of Removal, Defendant does not waive any available defenses.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

1

WHEREFORE, Defendant respectfully removes this case to this Court.

2

3

Dated:  February 22, 2019

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY

4

5

By:      */s/Alaina C. Hawley*

6

Alaina C. Hawley
Attorney for Defendant,
J.B. HUNT TRANSPORT, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

# **PROOF OF SERVICE**

**STATE OF INDIANA, COUNTY OF MARION**

      I, Sherry Parker, am employed in the County of Marion, State of Indiana. I am over the age of 18 and not a party to the within action. My business address is 10 West Market Street, Suite 1400, Indianapolis, Indiana 46204.

      On February 22, 2019, I served the foregoing document described as **DEFENDANT'S NOTICE OF REMOVAL** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

               Marlin & Saltzman, LLP
               Stanley D. Saltzman, Esq. (SBN 90058)
               Adam M. Tamburelli, Esq. (SBN 301902)
               Cody R. Kennedy, Esq. (SBN 296061)
               29800 Agoura Road, Suite 210
               Agoura Hills, California 91301

√    **(BY MAIL)** I deposited such envelope in the mail at Indianapolis, Indiana. The envelope was mailed with postage thereon fully prepaid.

√    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Indianapolis, Indiana in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_    **(STATE)** I declare under penalty of perjury under the laws of the State of Indiana that the above is true and correct.

√    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on February 22, 2019, at Indianapolis, Indiana.

                                          */s/ Sherry A. Parker*

4831-7149-1693, v. 7