Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
Megan E. Ross (SBN 227776)
mross@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, CA 91101
P: 626-795-4700
F: 626-795-4790

James H. Hanson (Pro Hac Vice)
jhanson@scopelitis.com
Christopher J. Eckhart (Pro Hac Vice)
ceckhart@scopelitis.com
E. Ashley Paynter (Pro Hac Vice)
apaynter@scopelitis.com
Alaina C. Hawley (SBN 309191)
ahawley@scopelitis.com
James A. Eckhart (SBN 321101)
jeckhart@scopelitis.com
SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-637-1777
F: 317-687-2414

Attorneys for Defendant,
J.B. HUNT TRANSPORT, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUY NAM LY and KIET NGUYEN individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>J.B. HUNT TRANSPORT, INC., an Arkansas corporation; and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No.: 2:19-cv-01334-SVW-SS<br><br><br>**DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL** |

Case No. 2:19-cv-01334-SVW-SS
Defendant's Amended Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

# I.

## ANSWER

Defendant, J.B. Hunt Transport, Inc., under Fed. R. Civ. P. 8(b) and for its answer to the Class Action Complaint ("Complaint") filed by Plaintiffs, Duy Nam Ly ("Ly") and Kiet Nguyen ("Nguyen"), denies every allegation contained in the Complaint, except those specifically admitted herein as being true, and further states the following:

## INTRODUCTION

1. In a scheme to increase their profits by unlawfully evading their obligations to provide benefits, pay relevant taxes, and absorb various operating costs, J.B. Hunt has misclassified Plaintiffs and other similarly situated and aggrieved intermodal truck drivers who signed Intermodal Independent Contractor Operating Agreements ("Class Members") as independent contractors rather than employees. By this action, Plaintiffs seek to put an end to this illegal and oppressive conduct.

**ANSWER:** Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. Plaintiffs and Class Members, who are required to work exclusively for J.B. Hunt, are plainly employees under California law. J.B. Hunt completely controls the overall operation of its business: it coordinates with customers in need of trucking services, negotiates prices, sets delivery times, and provides the workers. J.B. Hunt also has near complete control over Class Members' assignments and trucks, unilaterally sets the rates it pays them, and retains and exercises the right to terminate them with or without cause.

**ANSWER:** Defendant admits it communicates with customers that need transportation services and negotiates the prices for those services with customers. Defendant also admits it communicates with customers and Plaintiffs and putative class members about the pickup and delivery windows for particular shipments. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

2

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

3.     In fact, J.B. Hunt employs company drivers and properly classify them as employees. Those company drivers perform the same duties as Plaintiffs and Class Members. The only practical difference between the company drivers and Class Members is that Class Members own their own trucks and are classified by Defendant as "Independent Contractors".

**ANSWER:** Defendant admits it employs some drivers as employees, but denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.     Plaintiffs and Class Members, as a condition precedent to employment, are required to abide by uniform rules and policies promulgated by J.B. Hunt subjecting them to strict control, and incorrectly classifying them as independent contractors.

**ANSWER:** Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.     As a result of J.B. Hunt's misclassification, Plaintiffs and Class Members are forced to absorb thousands of dollars of costs appropriately borne by their employer, leaving many in a financially precarious position with limited take home pay. They are also deprived of the protection of workers' compensation benefits in the event of injury, as well as other benefits to which they are entitled. Moreover, because of its misclassification, J.B. Hunt fails to properly pay California taxes it owes. These actions illegally reduce J.B. Hunt's costs of doing business and constitute unlawful and unfair business practices in violation of California's Unfair Competition Law.

**ANSWER:** Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.     Additionally, by willfully and intentionally misclassifying Plaintiffs and Class Members as independent contractors, J.B. Hunt failed to pay them minimum wages, failed to pay overtime wages, failed to provide mandatory meal and rest breaks, failed to maintain adequate records, failed to reimburse employees for reasonably incurred businesses expenses, made improper deductions from wages, and failed to

3

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

provide accurate wage statements.

**ANSWER:** Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.    As such, J.B. Hunt's policies, practices, and customs have resulted in violations of the California Labor Code, IWC Wage Order No. 9, and laws covered by the Private Attorneys General Act ("PAGA"), and constitute unlawful and/or unfair business practices, in violation of the California Business & Professional Code, which have resulted in damages to Plaintiffs and Class Members.

**ANSWER:** Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.    Further, Plaintiffs and the Class Members rendered services to Defendants from which Defendants derived benefit. Defendants, however, failed to compensate Plaintiffs and the putative class members for the reasonable value of such services. Thus, J.B. Hunt was unjustly enriched.

**ANSWER:** Defendant denies the allegations contained in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over the statutory violations alleged herein, including, but not limited to, violations of Labor Code §§ 200-203, 226, 226.2, 226.3, 226.7, 226.8, 510, 512, 1174, 1194, 1197, 1198, and 2802, as well as over the violations of Bus. & Prof. Code §§ 17200 et seq., and the governing California IWC Wage Order No. 9 and other California Regulations.

**ANSWER:** Defendant admits this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) over the parties and the claims that have been asserted by Plaintiffs, but denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.    The Court has jurisdiction over the quasi-contract/unjust enrichment claim in that the services were rendered in the State of California, by California residents.

4

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

**ANSWER:** Defendant admits this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) over the parties and the claims that have been asserted by Plaintiffs, but denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Venue is proper in this county under section 395.5 of the California Code of Civil Procedure, as Plaintiffs were assigned to J.B. Hunt's South Gate Terminal, which is located in the State of California, County of Los Angeles.

**ANSWER:** Defendant denies the allegations contained in Paragraph 11 of the Complaint.

## PARTIES

12. Plaintiff Duy Nam Ly, is a resident of the State of California, and has been employed by Defendants from on or about November 10, 2011, to the present.

**ANSWER:** Upon information and belief, Defendant admits that Ly is a resident of the State of California, but denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Plaintiff Kiet Nguyen, is a resident of the State of California, and has been employed by Defendants from on or about April 27, 2017, to the present.

**ANSWER:** Upon information and belief, Defendant admits that Nguyen is a resident of the State of California, but denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Plaintiffs have been victimized by the policies, practices, and customs of Defendants, which are complained of in this action, in ways that have deprived them of the rights guaranteed to them by IWC Wage Order No. 9, the Labor Code, and the Bus. & Prof. Code.

**ANSWER:** Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant J.B. Hunt is an Arkansas corporation doing business within the State of California. Defendant has at all relevant times been an employer covered by the

5

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

Labor Code and IWC Wage Order 9.

**ANSWER:** Defendant admits it does business in California, but denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.     Plaintiffs do not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOE defendants, and for that reason, said defendants are sued under such fictitious names, and Plaintiffs pray for leave to amend this complaint when the true names and capacities are known. Plaintiffs are informed and believe, and based thereon alleges, that each of the said fictitious defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiffs and members of the general public and putative class to be subject to the illegal employment practices, wrongs, breaches, and injuries complained of herein.

**ANSWER:** Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     At all times pertinent hereto, each of the said DOE defendants participated in the doing of acts hereinafter alleged to have been done by the named Defendant ("Named Defendants and Doe Defendants are collectively referred to as "Defendants"); and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

**ANSWER:** Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Plaintiffs are informed and believe, and based thereon allege, that at all times pertinent hereto, each of the Defendants named herein was the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent the said acts, conduct, and omissions

6

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

**ANSWER:** Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     At all times pertinent hereto, the acts and omissions of various Defendants, and each of them, concurred with and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages, as herein alleged. At all pertinent times, Defendants, and each of them, ratified each and every act or omission complained of herein. At all pertinent times, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19 of the Complaint.

## CLASS ALLEGATIONS

20.     Pursuant to Code of Civil Procedure section 382, Plaintiffs bring this action on behalf of themselves and the following class:

> All persons who at any time during the Class Period: (1) were designated by Defendants as independent contractors; and (2) who performed work for Defendants as intermodal truck drivers in the State California.

**ANSWER:** Defendant admits Plaintiff purports to bring this action as a class action, but denies Plaintiff meets the requirements to do so and denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.     **Class Period:** The Class Period is defined as commencing at a date that is four years prior to the date of the filing of this complaint and continuing from that point forward, until the date that a final judgment has been entered in this matter.

**ANSWER:** Defendant denies the allegations contained in Paragraph 21 of the

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

Complaint.

22.    **Numerosity:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The identities of the members of the class are readily ascertainable by review of Defendants' records, including, without limitation, payroll records, work orders, work assignments, and other documents, vouchers and receipts issued to the Class Members by Defendants.

**ANSWER:** Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.    **Adequacy of Representation:** The named Plaintiffs are fully prepared to take all necessary steps to represent, fairly and adequately, the interests of the above-defined class. Plaintiffs' attorneys are ready, willing, and able to fully and adequately represent the class and individual Plaintiffs. Plaintiffs' attorneys have prosecuted, tried, and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in the California state and federal courts, as well as elsewhere in the United States.

**ANSWER:** Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.    Defendants uniformly administered a company-wide policy and practice of misclassifying Plaintiffs and the putative Class Members as "independent contractors" and (a) not paying Plaintiffs and the class all wages, including minimum wages and overtime wages, earned, (b) failing to provide mandatory meal and rest breaks and/or failing to pay premium wages for missed meal and/or rest periods, (c) failing to keep proper records as required by the Labor Code and applicable Wage Order regulations, (d) requiring Plaintiffs and the class members to incur and pay for Defendants' necessary business expenses, without reimbursement therefor, (e) making unlawful deductions from Plaintiffs' and class members' wages, (f) failing to provide accurate wage statements, (g) failing to compensate Plaintiffs for the reasonable value of their services

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

provided, (h) engaging in unfair business practices, and (i) violating wage and hour laws that carry civil penalties recoverable under PAGA.

**ANSWER:** Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Plaintiffs are informed and believe, and based thereon allege, that this enterprise-wide conduct was and is accomplished with Defendants' advance knowledge of the misclassification and arises out of Defendants' designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

**ANSWER:** Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Plaintiffs are informed and believe and based thereon allege, that Defendants had a consistent and uniform policy, practice, and/or procedure of willfully failing to comply with Labor Code §§ Code §§ 200-203, 226, 226.2, 226.3, 226.7, 226.8, 510, 512, 1174, 1194, 1197, 1198, 2802, as well as other violations that constitute unfair and/or unlawful conduct under Bus. & Prof. Code §§ 17200 et seq., and the governing Wage Order regulations.

**ANSWER:** Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     **Common Questions of Law and Fact:** There are predominant common questions of law and fact and community of interest amongst Plaintiffs and the claims of the class, concerning Defendants' treatment of them, including but not limited to:

      a.     Whether Class Members were improperly classified as independent contractors instead of employees;

      b.     Whether Defendants failed to pay for all time worked, by virtue of its payment system that only paid piece rate for certain specified

9

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

activities performed, while paying nothing for time worked on other required duties;

c.    Whether the Class Members performed services for Defendants;

d.    Whether Defendants' engaged Class Members to do work;

e.    Whether Defendants' suffered or permitted the Class Members to do work;

f.    Whether Class Members were free from the control and direction of Defendants in connection with their work;

g.    Whether Class Members' work is outside the usual course of the hiring entity's business;

h.    Whether Class Members are engaged in an independently established trade, occupation, or business of the same nature as that involved in the work they perform;

i.    Whether Defendants retained all necessary control over their business operations;

j.    Whether the compensation paid to Class Members, based on hours worked, was less than the applicable minimum wage or, where applicable, less than the proper overtime wage;

k.    Whether the Class Members were entitled to mandatory meal and rest breaks, and if so, whether they were made available or provided, and whether premium wages should have been paid when meal and/or rest periods were missed;

l.    Whether Class Members ever received a paid rest period;

m.    Whether Defendants kept adequate employment records;

n.    Whether the Class Members were improperly required to incur Defendants' necessary business expenses without reimbursement therefor;

10

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

o.    Whether Defendants made illegal deductions from the Class Members' earnings;

p.    Whether Defendants provided accurate and itemized wage statements;

q.    Whether the Defendants' policies and practices, as described herein, were unlawful and/or unfair business practices; and

r.    Whether the Defendants were unjustly enriched by failing to pay a reasonable value to Plaintiffs and putative Class Members for their services.

**ANSWER:** Defendant denies the allegations contained in Paragraph 27 of the Complaint, including the allegations in subparts a. through r.

28.    **Typicality:** The claims of the Plaintiffs are typical of the claims of all members of the class. Plaintiffs are members of the putative class. Plaintiffs have suffered and incurred damages as a result of the alleged violations of the applicable Wage Order, the Labor Code and the Bus. & Prof. Code and the failure to be reasonably compensated for his services, herein alleged.

**ANSWER:** Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.    The Labor Code and Wage Order upon which Plaintiffs bases their claims are remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards. These laws and labor standards protect the average worker from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. Such statutes and regulations are designed to defeat rather than implement express or implied agreements that depart from the statutory scheme, in the employment contract.

**ANSWER:** Defendant denies the allegations contained in Paragraph 29 of the

11

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

Complaint.

30.     The nature of this action and the format of laws available to Plaintiffs and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein and, therefore, is the superior means of redress of Defendants' alleged wrongdoings. If each Plaintiff and member of the putative class were required to file an individual lawsuit, the Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by workers who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employments. The filing of individual lawsuits would also create an unnecessary strain on existing judicial resources and raise the potential for inconsistent findings and verdicts among the various litigations.

**ANSWER:** Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class Members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

12
Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

**ANSWER:** Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.    Such a pattern, practice, and uniform administration of enterprise-wide policies and practices regarding illegal and improper compensation, as described herein, creates an entitlement to recovery by the Plaintiffs and the Class Members identified herein, in a civil action, for the unpaid balance of the full amount of unpaid and/or withheld compensation, including interest thereon, applicable penalties and premium pay, reasonable attorneys' fees, and costs of suit according to the mandates of, inter alia. Labor Code §§ 226, 1194, and Code of Civil Procedure § 1021.5.

**ANSWER:** Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.    Proof of common business practices and/or factual patterns, which the named Plaintiffs experienced and are representative of, will establish the right of each of the members of the proposed class to recover on the causes of action alleged herein.

**ANSWER:** Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.    The putative class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

**ANSWER:** Defendant denies the allegations contained in Paragraph 34 of the Complaint.

## SUBSTANTIVE ALLEGATIONS

### Working for J.B. Hunt

35.    J.B. Hunt truck drivers perform an integral and essential aspect of its business: the delivery of cargo. On its website, J.B. Hunt advertises that it is one of the

13

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

"largest transportation logistics companies in North America." It also advertises that "Our service offerings include transportation of full truckload containerizable freight, which we directly transport utilizing our company-controlled revenue equipment and company drivers or independent contractors. We also have arrangements with most of the major North American rail carriers to transport truckload freight in containers and trailers."

**ANSWER:** Defendant admits its website contains or previously contained the quoted statements, but denies the remaining allegations contained in Paragraph 35 of the Complaint.

36.     In the "intermodal" section of its website, J.B. Hunt advertises that it "J.B. Hunt operates the largest fleet of company-owned 53' containers and one of the largest drayage fleets in the world" and its "company-owned and contracted drayage network executes door-to-door intermodal service."

**ANSWER:** Defendant admits the allegations contained in Paragraph 36 of the Complaint.

37.     In short, the delivery of cargo is J.B. Hunt's principal business operation. Without its truck drivers, J.B. Hunt could not carry on its business.

**ANSWER:** Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Plaintiffs and Class Members are hired by J.B. Hunt as intermodal truck drivers. They provide transportation services strictly at one or more of J.B. Hunt's intermodal locations.

**ANSWER:** Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     J.B. Hunt, as a matter of policy and procedure, designates Plaintiffs and Class Members as independent contractors.

**ANSWER:** Defendant admits that Plaintiffs and the putative class members they

14

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

seek to represent are independent contractors, but denies it is merely "a matter of policy and procedure" and denies the remaining allegations contained in Paragraph 39 of the Complaint.

40.     Despite labelling these drivers as independent contractors, J.B. Hunt retains the absolute right to terminate Plaintiff and the Class at-will upon 30 days' notice.

**ANSWER:** Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Plaintiffs were solely paid on a piece rate basis. They were not compensated for any other work that they regularly performed and were generally required to work at least 10 hours a day. They were not provided meal breaks or rest periods by Defendants. They did not receive pay stubs that, among other issues, recorded their rate of pay, the number of hours that they worked, or broke out the total hours of compensable rest and recovery periods.

**ANSWER:** Defendant denies the allegations contained in Paragraph 41 of the Complaint.

**J.B. Hunt's Misclassification of Plaintiffs and Class Members**

42.     Under the applicable statutes and Wage Order regulations, J.B. Hunt is the "employer" of Plaintiffs and Class Members because the J.B. Hunt has engaged them to do something of benefit for it or a third-party (Labor Code § 2750), and because it exercises pervasive control over the drivers and retains all necessary control over their business enterprise. Further, J.B. Hunt exercised control over the wages, hours, and/or working conditions of the drivers, so as to render all class members employees.

**ANSWER:** Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.     Additionally, under the applicable IWC Wage Order, a worker in California cannot be an independent contractor unless the hirer can prove: (A) that the worker is free from the control and direction of the hirer in connection with the performance of

15

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

the work, both under the contract for the performance of such work and in fact; and, (B) that the worker performs work that is outside the usual course of the hiring entity's business; and (C) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed for the hiring entity.

**ANSWER:** Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. As discussed in the following paragraphs, J.B. Hunt cannot prove that it meets any of the above requirements, so J.B. Hunt misclassifies Plaintiffs and Class Members as independent contractors instead of employees.

**ANSWER:** Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. First, J.B. Hunt retains and exercises significant control over the details of Plaintiffs' and Class Members' schedules, routes, deliveries, the manner and means of how the delivery work is performed, and all necessary aspects of their working conditions. Among other things, J.B. Hunt holds Plaintiffs and Class Members to strict standards of service pervasive throughout the entire delivery process and requires them to adhere to all "customer requirements" and to meet "customer service" standards regarding J.B. Hunt's customers.

**ANSWER:** Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Second, the service provided by Plaintiffs and Class Members—truck driving—is not an independently established trade such as a plumber or electrician. Rather, they are integral and central to the operation of J.B. Hunt's core business. J.B. Hunt provides transportation services. Plaintiffs and Class Members perform these services for J.B. Hunt: they are hired to transport and deliver cargo in California based on times, locations, and for fees determined by J.B. Hunt. Indeed, J.B. Hunt employs

16

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

company drivers, who perform the same duties as Plaintiffs and Class Members.

**ANSWER:** Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.     Third, J.B. Hunt prevents Plaintiffs and Class Members from engaging in an independently established trade, occupation, or business by refusing to allow them to use their trucks for any purposes other than J.B. Hunt's business.

**ANSWER:** Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     Pursuant to J.B. Hunt's uniform policies and practices, J.B. Hunt retains almost unfettered control over Plaintiffs' and Class Members' trucks. It requires that Plaintiffs and Class Members lease their truck to J.B. Hunt, and Plaintiffs and Class Members are prevented from entering into any agreement for the use of the Truck for the benefit of anyone but J.B. Hunt. Additionally, J.B. Hunt retains exclusive possession, control, and use of the equipment for the duration of the Lease. Any deviation from this policy requires written permission from J.B. Hunt, or the driver may face immediate termination. Further, J.B. Hunt also requires Plaintiffs and Class Members to have their trucks inspected when J.B. Hunt requires and at the place of J.B. Hunt's choosing.

**ANSWER:** Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     J.B. Hunt dictates the manner in which Plaintiffs and Class Members perform their work. For example, it requires Plaintiffs and Class Members to transport the freight tendered to it by J.B. Hunt from point of origin to point of destination in a reasonable and timely manner. It also requires Plaintiffs and Class Members to make every reasonable effort to perform freight transportation services hereunder in a prompt, competent and diligent manner consistent with J.B. Hunt's standards of customer service and satisfaction, and to comply with J.B. Hunt's operating policies and procedures. Further, Plaintiff and the Class Members are required to adhere to customer service

17

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

expectations that must be met in servicing J.B. Hunt's transportation needs.

**ANSWER:** Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.    Plaintiffs and Class Members are required to either purchase or rent an on-board computer from J.B. Hunt for dispatch and tracking purposes. That on-board computer tracks every movement on Plaintiffs' and Class Members' trucks, even when they are not performing work for J.B. Hunt.

**ANSWER:** Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.    J.B. Hunt further retains the sole discretion to modify and terminate Plaintiffs' and Class Members' piece-rate compensation rates and fees reimbursement rates.

**ANSWER:** Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.    J.B. Hunt requires Plaintiffs and Class Members to obtain and maintain insurance at their own expense, and to name J.B. Hunt as an additional insured under the policies.

**ANSWER:** Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.    Plaintiffs and Class Members are uniformly required to pay many employment- related expenses including, fuel, oil, tires and equipment, vehicle maintenance costs and repairs, various taxes and assessments, and expenses necessary to keep their trucks in compliance with all federal and state safety laws and regulations. Additionally, Plaintiffs and Class Members are required to pay J.B. Hunt "administrative fees," such as $50 per year to compensate J.B. Hunt "for the cost of qualifying contractor's drivers under US DOT regulations" a 15% fee for paying for driver qualification services (which Plaintiffs and Class Members are required to reimburse

18

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

J.B. Hunt for anyway).

**ANSWER:** Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant further retains the right to set schedules for Plaintiff and Class Members at its convenience (e.g. the right to assign pick-up and/or delivery dates and times in order for J.B. Hunt to maintain customer satisfaction).

**ANSWER:** Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     J.B. Hunt regularly exercises this right. Accordingly, Plaintiffs and Class Members are expected to work at least 10 hours per day, five days per week, and are assigned a specific shift that they are expected to adhere to every day.

**ANSWER:** Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Additionally, J.B. Hunt unilaterally set the prices charged to its customers, and Plaintiffs and Class Members have no control over those prices.

**ANSWER:** Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.     Despite the above, J.B. Hunt knowingly and intentionally misclassifies Plaintiffs and Class Members as independent contractors when, under California law, they are employees who are working within J.B. Hunt's business, providing the service that J.B. Hunt exists to provide to its customers.

**ANSWER:** Defendant denies the allegations contained in Paragraph 57 of the Complaint.

**J.B. Hunt's Failure to Pay Overtime Wages**

58.     At all relevant times herein, California Labor Code sections 510 and 1198 and IWC Wage Order 9, section 3, make it unlawful for an employer to employ persons without compensating them at one and a half times or double the employee's regular

19

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

rate of pay depending on the number of hours worked by the employee in a daily or weekly basis.

**ANSWER:** Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.    California Labor Code section 510 provides for overtime compensation at one- and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work.

**ANSWER:** Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.    California Labor Code section 510 also provides for overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work. For piece rate workers, the DLSE has published the formula for determining overtime compensation, whereby workers receive 1 1/2 times their piece rate for work performed during the time that exceeds eight hours in the workday and double their piece rate for work performed after the 12th hour of the workday.

**ANSWER:** Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.    IWC Wage Order 9, section 3, requires employers to pay their employees one and a half times the employee's regular rate of pay for all hours worked in excess of eight (8) hours in a workday or more than forty (40) hours in a workweek.

**ANSWER:** Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.    IWC Wage Order 9, section 3, further requires that employers pay their employees double the employees regular rate of pay for all hours worked in excess of twelve (12) hours in a workday and for all hours worked in excess of eight (8) hours on

20

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

the seventh (7th) consecutive day of work in a workweek.

**ANSWER:** Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.     During the relevant time period, Plaintiffs and Class Members regularly worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, yet J.B. Hunt failed to pay delivery workers overtime compensation in violation of California Labor Code sections 510 and 1198 and IWC Wage Order 9, section 3.

**ANSWER:** Defendant denies the allegations contained in Paragraph 63 of the Complaint.

## J.B. Hunt's Failure to Provide Meal Periods

64.     At all times relevant hereto, California Labor Code sections 226.7 and 512 and IWC Wage Order 9, section 11, required employers to provide employees with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours and a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day.

**ANSWER:** Defendant denies the allegations contained in Paragraph 64 the Complaint.

65.     At all times relevant hereto, California Labor Code section 226.7(b) and IWC Wage Order 9, section 11, required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper meal period is not provided.

**ANSWER:** Defendant denies the allegations contained in Paragraph 65 the Complaint.

66.     J.B. Hunt did not have, maintain, or publish a compliant meal period policy.

**ANSWER:** Defendant denies the allegations contained in Paragraph 66 of the

21
Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

Complaint.

67.    Further, by improperly classifying Plaintiff and Class Members as independent contractors, J.B. Hunt affirmatively represented to Plaintiff and the Class that they had no rights to receive the meal periods that were legally required to be provided by J.B. Hunt.

**ANSWER:** Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.    J.B. Hunt failed to provide breaks, keep records of break times and did not inform Plaintiffs and Class Members of their rights to a thirty (30) minute, uninterrupted, duty-free meal break under California law.

**ANSWER:** Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.    J.B. Hunt regularly failed to provide a timely thirty (30) minute off-duty meal period to delivery workers when working more than five (5) hours in a day.

**ANSWER:** Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.    J.B. Hunt further regularly failed to provide a second timely thirty (30) minute meal period to delivery workers who worked more than ten (10) hours in a day.

**ANSWER:** Defendant denies the allegations contained in Paragraph 70 of the Complaint.

## J. B. Hunt's Failure to Permit and Compensate for Rest Periods

71.    At all times relevant hereto, California Labor Code section 226.7 and IWC Wage Order, 9, section 12, required employers to authorize, permit, and provide a ten (10) minute paid rest period for each four (4) hours of work, during which employees are relieved of all duty. Such breaks are paid and counted as hours worked.

**ANSWER:** Defendant denies the allegations contained in Paragraph 71 the Complaint.

22

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

72.     At all times relevant hereto, California Labor Code section 226.7(b) and IWC Wage Order, 9, section 12, required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

**ANSWER:** Defendant denies the allegations contained in Paragraph 72 the Complaint.

73.     J.B. Hunt did not have, maintain, or publish a compliant rest period policy.

**ANSWER:** Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.     Further, by improperly classifying Plaintiff and the Class as independent contractors, J.B. Hunt affirmatively represented to Plaintiff and the Class that they had no rights to receive the rest periods that were legally required to be provided by J.B. Hunt.

**ANSWER:** Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.     J.B. Hunt regularly failed to provide a ten (10) minute paid rest period for each four (4) hours of work, during which the delivery workers should have been relieved of all duty.

**ANSWER:** Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.     As a result of J.B. Hunt's compensation scheme, J.B. Hunt failed to compensate their delivery workers for break times when breaks were not provided. Defendants' compensation scheme did not permit paid rest breaks as mandated by California law.

**ANSWER:** Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.     J.B. Hunt regularly failed to pay one hour of additional pay at the regular

23
Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

rate of compensation for each delivery worker each workday that a proper rest period was not provided.

**ANSWER:** Defendant denies the allegations contained in Paragraph 77 of the Complaint.

**J.B. Hunt's Failure to Maintain Adequate Employment Records and Failure to Provide Accurate Itemized Wage Statements**

78.     At all times relevant hereto, California Labor Code section 226 and IWC Wage Order, 9, section 7, required employers to maintain adequate employment records and provide employees with accurate itemized wage statements showing gross wages, total hours worked, all applicable hourly rates worked during each pay period, the corresponding number of hours worked at each hourly rate, and the beginning and end of all meal breaks taken.

**ANSWER:** Defendant denies the allegations contained in Paragraph 78 the Complaint.

79.     Wage statements provided by J.B. Hunt do not show all wages earned, all hours worked, or all applicable rates, in violation of the California Labor Code section 226, IWC Wage Order 9, section 7.

**ANSWER:** Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80.     Moreover, J.B. Hunt did not maintain adequate records of all wages earned, hours worked and meal breaks taken.

**ANSWER:** Defendant denies the allegations contained in Paragraph 80 of the Complaint.

**J.B. Hunt's Failure to Indemnify Delivery Workers for Its Business Expenses**

81.     At all times relevant hereto, California Labor Code section 2802 required employers to indemnify their employees for "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or

24

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

of his or her obedience to the directions of the employer..."

**ANSWER:** Defendant denies the allegations contained in Paragraph 81 the Complaint.

82.    IWC Wage Order 9, section 9, requires employers to maintain tools and equipment required by the employer or that are necessary to the performance of the job.

**ANSWER:** Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83.    J.B. Hunt have failed to reimburse Plaintiffs and Class Members for all business-related expenses and costs delivery workers incurred including, but not limited to, fuel, maintenance, repairs, uniform costs and expenses, scanner fees, cell phone fees, GPS service fees, and liability and other insurance covering work place injuries or property damage.

**ANSWER:** Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.    J.B. Hunt also takes deductions from Plaintiffs' and Class Members' paychecks for work-related expenditures in direct consequence of their job duties.

**ANSWER:** Defendant denies the allegations contained in Paragraph 84 of the Complaint.

**J.B. Hunt's Unlawful Deductions from Delivery Workers' Wages**

85.    At all times relevant hereto, IWC Wage Order 9, section 8, required that no employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee.

**ANSWER:** Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86.    Wage statements provided by J.B. Hunt show deductions from Plaintiffs'

25

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

and Class Members' paychecks for work-related expenditures they incurred in direct consequence of their job duties, in violation of the IWC Wage Order number 9, section 8.

**ANSWER:** Defendant denies the allegations contained in Paragraph 86 of the Complaint.

## J.B. Hunt's Intentional Misclassification of Delivery Workers as Independent Contractors

87.    At all times relevant hereto, California Labor Code section 226.8 makes it unlawful for an employer to willfully misclassify an individual as an independent contractor.

**ANSWER:** Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88.    J.B. Hunt willfully and intentionally misclassified Plaintiffs and Class Members as independent contractors and in doing to, failed to provide the workers with all of the rights and protections afforded them under the wage and hour laws, thereby resulting in all of the violations alleged herein, including, but not limited to, unlawfully charging workers fees and making unlawful deductions from workers' wages in violation of Labor Code provisions.

**ANSWER:** Defendant denies the allegations contained in Paragraph 88 of the Complaint.

## J.B. Hunt's Conduct Violated PAGA

89.    Plaintiffs also claim herein, on behalf of themselves and the proposed class members, all penalties permitted by the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code § 2698, *et seq.* By letter dated June 22, 2018, Plaintiffs gave written notice to the Labor and Workforce Development Agency and J.B. Hunt of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. If the LWDA refuses to investigate the

26

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

above claims, Plaintiffs will seek leave to amend the Complaint to claim penalties under PAGA.

**ANSWER:** Defendant admits that Plaintiffs allege a claim under the Private Attorneys General Act, but denies it has violated PAGA and denies the remaining allegations contained in Paragraph 89 of the Complaint.

## FIRST CAUSE OF ACTION
## FOR DECLARATORY RELIEF
### (Labor Code § 3357)

90.     Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

**ANSWER:** For its response to Paragraph 90 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 89 of the Complaint.

91.     Pursuant to California Labor Code section 3357, Plaintiffs and Class Members are entitled to a presumption that they are in fact Defendants' employees. The same holds true under the applicable wage order. *Dynamex Operations West, Inc.* v. *Superior Court,* 2018 WL 1999120 (2018).

**ANSWER:** Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92.     An actual controversy has arisen between Plaintiffs and the Class Members, on one hand, and Defendants on the other, as to whether Defendants misclassified Plaintiffs and Class Members as "independent contractors" when, in fact, Plaintiffs and Class Members were and are Defendants' employees.

**ANSWER:** Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93.     Plaintiffs and the Class Members seek declaratory relief against Defendants herein and in Plaintiffs' favor, declaring that they were and are Defendants' employees

27

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

and, further, declares Defendants' practices to be unlawful, and which provides for recovery of all sums determined by this Court to be owed by Defendants, and each of them, to Plaintiffs and the Class Members.

**ANSWER:** Defendant denies the allegations contained in Paragraph 93 of the Complaint.

<u>**SECOND CAUSE OF ACTION**</u>

**FOR FAILURE TO PAY MINIMUM WAGE**

**(Labor Code § 3357)**

94.     Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

**ANSWER:** For its response to Paragraph 94 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 93 of the Complaint.

95.     Notwithstanding the unconscionable piece-rate policies and procedures that Defendants require the delivery workers to agree to as a condition of employment, Plaintiffs and Plaintiffs and Class Members are Defendants' employees, as heretofore alleged, because, *inter alia,* Defendants engage, suffer, or permit the delivery workers to work for them, yet retain all necessary control over their business and exercise significant control over the wages, hours of work, and working conditions of the Plaintiffs and class members.

**ANSWER:** Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96.     Defendants provide the quintessential "tools" for Plaintiffs and Class Members, including without limitation the cargo to be transported, the on board computer to communicate with dispatch, and the terminals in which the cargo is loaded and unloaded, among others. Defendants control the rates paid, the loads assigned, the number of loads, the timing of the loads and the hours worked. Defendants demand strict

28

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

compliance with Defendants' customer service and service and compliance standards when transporting cargo, and, as alleged herein, assume full control over Plaintiffs' and Class Members' vehicles.

**ANSWER:** Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97.    Among Defendants' requirements are that the vehicles may not be used to transport cargo for any other company or purpose at any time.

**ANSWER:** Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98.    When Plaintiffs' and Class Members' working hours are divided into the amount of compensation paid by Defendants, the result is an hourly rate that is less than that set by the IWC Minimum Wage Order. This result is further exacerbated when the unlawful deductions and unreimbursed business expenses are deducted from the gross wages paid.

**ANSWER:** Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99.    Furthermore, insofar as Plaintiffs and Class Members are only paid for the pieces (i.e., deliveries) they complete, they are not paid at all for time worked not covered by the piece rate system such as conducting required inspections, cleaning trucks and shipping containers, detention time until a certain threshold is reached, and time attending training and other meetings. Additionally, and because Defendants have no rest break policy, the delivery workers are not paid, at all, for the rest periods that the Labor Code and Wage Order designate as "hours worked." In each and every instance, the workers receive less than the minimum wage for their mandated rest periods.

**ANSWER:** Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100.   Labor Code § 1197 provides: "The minimum wage for employees fixed by

29

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

**ANSWER:** Defendant admits the allegations contained in Paragraph 100 of the Complaint.

101.    Labor Code § 1194 provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

**ANSWER:** Defendant admits the allegations contained in Paragraph 101 of the Complaint.

102.    Labor Code § 1194.2(a) provides: "In any action under ... Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

**ANSWER:** Defendant admits the allegations contained in Paragraph 102 of the Complaint.

103.    Insofar as Defendants, and each of them, failed to pay Plaintiffs and Class Members an amount that was at least the same as the applicable minimum wage, Defendants, and each of them, were and are in violation of the applicable wage and hour laws.

**ANSWER:** Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.    Wherefore, Plaintiffs and Class Members class are entitled to damages in the sum of unpaid wages, liquidated damages, and the other relief provided by the Labor Code, in an amount according to proof at the time of trial.

**ANSWER:** Defendant denies the allegations contained in Paragraph 104 of the

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

Complaint.

## THIRD CAUSE OF ACTION

### FOR FAILURE TO PAY OVERTIME

### (Labor Code §§ 510, 1194, 1198, and Wage Order)

105.   Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

**ANSWER:** For its response to Paragraph 105 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 104 of the Complaint.

106.   Under California law, eight hours a day constitutes a day's work. Any work in excess of eight hours a day or 40 hours per week must be compensated at the rate of one-and- one-half times the worker's regular hourly rate. Any work in excess of 12 hours in a work day must be compensated at the rate of two times the worker's regular hourly rate. (Labor Code §§ 510(a), 1198, and IWC Wage Order 9). Likewise, the DLSE has published the analogous formula to be utilized for piece rate workers.

**ANSWER:** Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.   Plaintiffs and Class Members regularly worked more than eight hours a day, and often more than 12 hours a day. Plaintiffs allege on information and belief that delivery records maintained by Defendants will demonstrate when they reported for work and when they concluded their day's work. Plaintiffs and the Class Members were entitled to premium pay, pursuant to Labor Code § 510(a), for the hours worked beyond eight hours in a single work day.

**ANSWER:** Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108.   Plaintiffs and the members of the putative class are entitled to recover their unpaid overtime wages, including interest thereon, reasonable attorneys' fees, and costs

31

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

of suit, pursuant to Labor Code § 1194(a).

**ANSWER:** Defendant denies the allegations contained in Paragraph 108 of the Complaint.

## FOURTH CAUSE OF ACTION

### FOR FAILURE TO PROVIDE MEAL BREAKS

### (Labor Code §§ 226.7, 512, and Wage Order)

109.   Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

**ANSWER:** For its response to Paragraph 109 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 108 of the Complaint.

110.   Under California law, and as applicable hereto, no worker may be compelled to labor for a work period of five or more hours without being provided with a 30-minute, duty-free meal break. Likewise, no worker may be compelled to work for more than 10 hours in a single day, without being provided with a second, 30-minute, duty-free meal break. (Labor Code § 512 and Part 11 of Wage Order 9.)

**ANSWER:** Defendant denies the allegations contained in Paragraph 110 of the Complaint.

111.   Defendants failed to provide the required meal breaks to Plaintiffs and Class Members, even though they regularly labored for work periods of more than five hours, without a meal break, and workdays of more than 10 hours, without a second meal break. Plaintiffs allege, on information and belief, that Defendants had no policy, procedure, or practice with regard to the provision of meal breaks to the delivery workers and that the lack of such policy, procedure, and practice led to the result that none of the delivery workers were provided with the required meal breaks.

**ANSWER:** Defendant denies the allegations contained in Paragraph 111 of the Complaint.

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

112.   Pursuant to Labor Code § 226.7(b), each Plaintiff and each member of the putative class is entitled to recover from Defendants the sum of one hour of pay at their regular rate for each meal period that was not provided by Defendants.

**ANSWER:** Defendant denies the allegations contained in Paragraph 112 of the Complaint.

**FIFTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE REST BREAKS**

**(Labor Code §§ 226.7, 512, and Wage Order)**

113.   Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

**ANSWER:** For its response to Paragraph 113 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 112 of the Complaint.

114.   Under California law, and as applicable hereto, employers must authorize and provide a ten-minute, duty-free rest break for every four hours of work in a workday. (Part 12 of Wage Order 9.) The rest period shall be counted as "hours worked."

**ANSWER:** Defendant denies the allegations contained in Paragraph 114 of the Complaint.

115.   Defendants failed to authorize and/or provide the required rest breaks to Plaintiffs and the Class Members, even though Plaintiffs and the Class Members regularly labored for work periods of more than four hours, without a rest break, and workdays of more than 10 hours, without additional rest breaks. Plaintiffs allege, on information and belief, that Defendants had no policy, procedure, or practice that affirmatively authorized rest breaks to the delivery workers, and in fact Defendants affirmatively represented that Plaintiff and the Class Members were Independent Contractors not entitled to be provided rest breaks by J.B. Hunt. Defendants' uniform policies procedures and practices constitute a failure to authorize such breaks and led to

33

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

the result that required rest breaks were not provided.

**ANSWER:** Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116. Further, as Defendants only compensated Plaintiffs and the Class Members, based on a piece rate and thus, did not have a mechanism to compensate Plaintiffs and Class Members for rest periods, even if taken, then Plaintiffs and Class Members could not and did not receive paid rest periods as required by California law.

**ANSWER:** Defendant denies the allegations contained in Paragraph 116 of the Complaint.

117. Pursuant to Labor Code § 226.7(b), each Plaintiff and each member of the putative class is entitled to recover from Defendants the sum of one hour of pay at their regular rate for each rest period that was not authorized and/or provided by Defendants.

**ANSWER:** Defendant denies the allegations contained in Paragraph 117 of the Complaint.

## SIXTH CAUSE OF ACTION

### FOR FAILURE TO MAINTAIN REQUIRED BUSINESS RECORDS

### (Labor Code § 1174, Wage Order)

118. Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

**ANSWER:** For its response to Paragraph 118 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 117 of the Complaint.

119. Labor Code § 1174 and IWC Wage order, number 9, section 7(A) require every employer keep, at a central location, accurate information with respect to each employee.

**ANSWER:** Defendant admits the allegations contained in Paragraph 119 of the Complaint.

34

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

120.   Pursuant to IWC Wage Order, number 9, section 7(A) Defendants are required to keep the following employee information: (a) full name, home address, occupation, and social security number; (b) birth date, if under 18 years, and designation as a minor; (c) time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded; (d) total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee; (e) total hours worked in the payroll period and applicable rates of pay; and (f) when a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

**ANSWER:** Defendant denies the allegations contained in Paragraph 120 of the Complaint.

121.   Pursuant to Labor Code § 1174, every employer in the state shall: "(c) keep a record showing the names and addresses of all employees employed and the ages of all minors; and (d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments." These records must be kept in accordance with rules established for this purpose by Labor Commissioner, but in any case shall be kept on file for not less than three years.

**ANSWER:** Defendant admits the allegations contained in Paragraph 121 of the Complaint.

122.   Defendants violated the foregoing provisions, in that Defendants failed to maintain, at a central location, Plaintiffs' aforementioned information with respect to employment, and as a result violated both the Labor Code and IWC Wage Order. Such conduct is "unlawful" and Plaintiffs and the Class Members are entitled to restitution

35

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

under the Unfair Business Practices Act for all sums unlawfully withheld from their wages on account of Defendants' unlawful conduct.

**ANSWER:** Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123.   Plaintiffs allege, on information and belief, that Defendants have applied this same policy, business practice, and/or custom to all Class Members.

**ANSWER:** Defendant denies the allegations contained in Paragraph 123 of the Complaint.

## SEVENTH CAUSE OF ACTION

### FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENSES

### (Labor Code § 2802)

124.   Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

**ANSWER:** For its response to Paragraph 124 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 123 of the Complaint.

125.   Under California law, workers are entitled to be indemnified "for all necessary expenditures or losses incurred by them in direct consequence of the discharge of their duties."

**ANSWER:** Defendant admits that, under California Labor Code § 2802, employees are entitled to be indemnified for all necessary expenditures or losses incurred by them in the direct consequence of their duties, but denies the remaining allegations contained in Paragraph 125 of the Complaint.

126.   As previously alleged herein, Defendants maintain uniform policies, procedures, and practices requiring Plaintiffs and Class Members to incur significant, substantial, and ongoing necessary business expenses that rightfully should have been borne by Defendants, and Defendants have failed to reimburse Plaintiffs and Class

36

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

Members for the said expenses.

**ANSWER:** Defendant denies the allegations contained in Paragraph 126 of the Complaint.

127.   Because these necessary expenses were incurred by Plaintiffs and Class Members in direct consequence of the discharge of their duties, Plaintiffs and Class Members are entitled to be indemnified, pursuant to Labor Code § 2802(b), with interest thereon beginning from the date that each expense was incurred.

**ANSWER:** Defendant denies the allegations contained in Paragraph 127 of the Complaint.

## EIGHTH CAUSE OF ACTION

## FOR IMPROPER DEDUCTIONS FROM WAGES

### (Labor Code § 226; Wage Order)

128.   Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

**ANSWER:** For its response to Paragraph 128 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 127 of the Complaint.

129.   California law prohibits an employer from deducting anything from an employees' wages, other than those deductions explicitly permitted by law. The fees deducted from Plaintiffs' and Class Members' wages are not explicitly permitted by law. Nevertheless, Defendants' custom, policy and practice was and is to deduct these fees from wages being paid to Plaintiffs and Class Members. This deduction was and is an illegal deduction from wages under California law.

**ANSWER:** Defendant denies the allegations contained in Paragraph 129 of the Complaint.

130.   Further, California law prohibits an employer, in the absence of dishonesty or gross negligence, from making any deduction or requiring any reimbursement for any

37

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

cash shortage, breakage, or loss of equipment. However, Defendants had and have a policy, custom, and/or practice of making such unlawful deductions and requiring unlawful reimbursements, from Plaintiffs and Class Members.

**ANSWER:** Defendant denies the allegations contained in Paragraph 130 of the Complaint.

131.   Plaintiffs and Class Members are entitled to recover from Defendants the amounts improperly and illegally deducted from their compensation, as well as the penalty specified in Labor Code § 226(e), an injunction to enjoin the continuation of this policy, practice and/or custom, and an award of reasonable costs and attorneys' fees.

**ANSWER:** Defendant denies the allegations contained in Paragraph 131 of the Complaint.

## NINTH CAUSE OF ACTION

### FOR INADEQUATE AND/OR FAILURE TO PROVIDE

### ITEMIZED WAGE STATEMENTS

### (Labor Code § 226 and 226.2)

132.   Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

**ANSWER:** For its response to Paragraph 132 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 131 of the Complaint.

133.   Labor Code § 226 makes it unlawful for an employer to fail to provide accurate and itemized wage statements to its employees.

**ANSWER:** Defendant denies the allegations contained in Paragraph 133 of the Complaint.

134.   Pursuant to California Labor Code Section 226(a), Plaintiffs and Class Members were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing, *inter alia*: (a) gross wages earned; (b) net wages

38

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

earned; (c) all applicable hourly rates in effect during the pay period; and (d) the corresponding number of hours worked at each hourly rate by the employee.

**ANSWER:** Defendant denies the allegations contained in Paragraph 134 of the Complaint.

135.   Pursuant to Labor Code Section 226.2(a)(2)(A), Plaintiffs and the Class Members, as they were paid solely on a piece rate basis, were also entitled to receive, an accurate itemized statement showing: (a) the total hours of compensable rest and recovery periods; (b) the rate of compensation, and (c); the gross wages paid for those periods during the pay period.

**ANSWER:** Defendant denies the allegations contained in Paragraph 135 of the Complaint.

136.   Defendants violated the foregoing provisions, in that Defendants failed to provide Plaintiffs and Class Members with accurate itemized statements in accordance with California Labor Code Section 226(a) by providing Plaintiffs and Class Members with wage statements with inaccurate entries for hours worked, corresponding rates of pay, and total wages earned, as a result of the unlawful labor and payroll practices described herein. Defendants also violated 226.2(a)(2)(A) by failing to provide Plaintiffs and Class Members wage statements that provided the total hours of compensable rest and recovery periods, the rate of compensation for them, and the gross wages paid for those periods during the pay period. Plaintiffs and Class Members are therefore entitled to the statutory penalty set forth in subdivision (e) of section 226, as well as an injunction against Defendants, under subdivision (h), including an award of costs and reasonable attorney's fees.

**ANSWER:** Defendant denies the allegations contained in Paragraph 136 of the Complaint.

39

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

## **TENTH CAUSE OF ACTION**

## **FOR UNFAIR COMPETITION**

### **(Bus. & Prof. Code §§ 17200, *et seq.*)**

137.   Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

**ANSWER:** For its response to Paragraph 137 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 136 of the Complaint.

138.   Defendants have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing, and utilizing the policies, customs, and practices outlined above, including, to wit: (1) not paying all wages, including minimum wage, and overtime; (2) failing to pay all earned wages in a timely fashion; (3) failing to pay premium wages for meal and rest breaks not provided; (4) making improper deductions from compensation and failing to keep proper records as required by law; (5) failing to reimburse and/or indemnify Plaintiffs and Class Members for Defendants' necessary business expenses; (6) improperly classifying Plaintiffs and Class Members as independent contractors; and (7) Failing to pay all wages owed upon termination.

**ANSWER:** Defendant denies the allegations contained in Paragraph 138 of the Complaint.

139.   Plaintiffs and Class Members have each suffered actual harm as a result of Defendants' unfair and/or unlawful business practices. Plaintiffs and the Class Members have been deprived of wages actually earned but wrongfully and unlawfully retained by Defendants.

**ANSWER:** Defendant denies the allegations contained in Paragraph 139 of the Complaint.

140.   Defendants' utilization of such unfair and unlawful business practices

40

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors who follow the law.

**ANSWER:** Defendant denies the allegations contained in Paragraph 140 of the Complaint.

141.   Plaintiffs seek, on their own behalf, on behalf of the Class Members, and on behalf of the general public, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

**ANSWER:** Defendant denies the allegations contained in Paragraph 141 of the Complaint.

142.   The acts complained of herein occurred within the last four years preceding the filing of this action.

**ANSWER:** Defendant denies the allegations contained in Paragraph 142 of the Complaint.

143.   Plaintiffs are informed and believe, and based thereon allege, that at all times pertinent hereto, Defendants have engaged in unlawful, deceptive, and unfair business practices, a proscribed by Bus. & Prof. Code §§ 17200 *et seq.,* including those set forth hereinabove, thereby depriving Plaintiffs and other members of the general public of the wages, minimum working standards and conditions due to them under California's laws and Industrial Welfare Commission wage orders specifically described herein.

**ANSWER:** Defendant denies the allegations contained in Paragraph 143 of the Complaint.

## ELEVENTH CAUSE OF ACTION
## FOR UNJUST ENRICHMENT

144.   Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

**ANSWER:** For its response to Paragraph 144 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 143 of the Complaint.

145.   Plaintiffs and the Class Members conferred a benefit upon Defendants by working on their behalf without compensation, including but not limited to, working hours for which they were not compensated.

**ANSWER:** Defendant denies the allegations contained in Paragraph 145 of the Complaint.

146.   Defendants had an appreciation or knowledge of the benefit conferred by Plaintiffs and the Class Members.

**ANSWER:** Defendant denies the allegations contained in Paragraph 146 of the Complaint.

147.   Defendants accepted and retained the benefit under circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

**ANSWER:** Defendant denies the allegations contained in Paragraph 147 of the Complaint.

## TWELFTH CAUSE OF ACTION

### FOR INTENTIONAL MISCLASSIFICATION

### (Labor Code § 226.8)

148.   Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

**ANSWER:** For its response to Paragraph 148 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 147 of the Complaint.

149.   Defendants engaged in conduct designed to avoid employee status for the Plaintiffs and Class Members by willfully misclassifying them as independent contractors, as herein alleged, in violation of Labor Code § 226.8(a), and in doing so

42

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

unlawfully charged the them an independent contractor fee and forced deductions from their compensation, either directly or indirectly, including but not limited to for goods, materials, fines, services, government licenses, repairs, equipment, maintenance, tolls, mileage, insurance, and/or fines arising from the Examiners' employment, in violation of other Labor Code provisions making it unlawful to make or require such deductions.

**ANSWER:** Defendant denies the allegations contained in Paragraph 149 of the Complaint.

150.  Wherefore, Plaintiffs and the Class Members are entitled to a determination from the Court that Defendants have engaged in violations of Labor Code § 226.8(a). Plaintiffs and the Class Members likewise are entitled to recover the penalties permitted by Labor Code § 226.8(b), in addition to any other remedies they may have on account of the misclassification.

**ANSWER:** Defendant denies the allegations contained in Paragraph 150 of the Complaint.

151.  As alleged herein, Defendants engaged in a pattern and/or practice of violations of Labor Code § 226.8(a) and Plaintiffs and the Class Members are entitled to a determination from the Court that Defendants' violations of the statute were and are part of a pattern and/or practice of misclassifying Plaintiffs and Class Members as independent contractors. Plaintiffs and Class Members likewise are entitled to recover the penalties permitted by Labor Code § 226.8(c), in addition to any other remedies they may have on account of the misclassification.

**ANSWER:** Defendant denies the allegations contained in Paragraph 151 of the Complaint.

## THIRTEENTH CAUSE OF ACTION
## FOR VIOLATIONS OF THE PRIVATE ATTORNEYS GENERAL ACT
### (Labor Code § 2699)

152.  Under Labor Code § 2699, any employee aggrieved by an employer's

43

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

violation of the Labor Code and/or applicable IWC Wage Order has the right to file an action on behalf of all aggrieved employees for the penalties established by Section 2699 and/or other Labor Code sections. The aforementioned wrongful acts and omissions of Defendants were violations of the Labor Code and/or applicable IWC Wage Order, as set forth herein. Plaintiffs are current or former employees who have been aggrieved by Defendants' violations of the aforementioned Labor Code and/or Wage Order provisions, and Class Members are similarly aggrieved employees. As set forth hereinabove, Plaintiffs have complied with all pre-filing requirements of Labor Code section 2699.3, and will seek leave to amend this Complaint to add a claim for civil penalties under PAGA if the LWDA declines to investigate.

**ANSWER:** Defendant denies the allegations contained in Paragraph 152 of the Complaint.

WHEREFORE, Defendant requests judgment as follows:

A.     That this action not be certified as a class action;

B.     That Plaintiffs take nothing by way of the Complaint;

C.     That judgment be entered against Plaintiffs and in favor of Defendant;

D.     That Defendant be awarded its attorney fees and costs incurred in this case; and

E.     That Defendant be awarded all other necessary and proper relief.

## II.

## AFFIRMATIVE DEFENSES

Defendant, under Fed. R. Civ. P. 8(c) and for its affirmative defenses to the Complaint, states the following:

1.     The Complaint should be dismissed because each claim set forth in the Complaint fails to state a claim upon which relief can be granted.

2.     The Complaint should be dismissed because (a) there are administrative remedies available to Plaintiffs, (b) Plaintiffs are required to pursue these administrative

44

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

1   remedies before bringing claims against Defendant, and (c) Plaintiffs have failed to
2   exhaust these administrative remedies before filing suit.

3       3.   The Complaint should be dismissed because questions regarding the benefits
4   and protections to which Plaintiffs claim to have been entitled, including Plaintiffs'
5   entitlement to those benefits, and the amount of any benefits, are within the exclusive and
6   primary jurisdiction of certain California state and/or federal administrative agencies.

7       4.   Defendant denies that Plaintiffs were Defendant's employees, but even if
8   they were, to the extent they seek the payment of overtime, Plaintiffs are exempt from
9   the payment of overtime under Section 3(L) of the IWC Wage Order No. 9-2001.

10      5.   Some or all of Plaintiffs' claims are barred by the doctrine of estoppel.

11      6.   Some or all of Plaintiffs' claims are barred because Defendant has paid
12   Plaintiffs in full.

13      7.   Some or all of Plaintiffs' claims imposing penalties would be inequitable
14   and unjust and are therefore barred because a good faith dispute exists as to whether
15   additional compensation is due and owing, and Defendant has not intentionally or
16   willfully failed to pay such additional compensation.

17      8.   Plaintiffs' claims are barred, in whole or in part, by the doctrine of avoidable
18   consequences.

19      9.   Plaintiffs' claims must be dismissed to the extent they relate to work
20   activities performed outside of California because the California Labor Code does not
21   apply to work activities performed outside the state.

22      10.  The business practices alleged in the Complaint are not "unfair,"
23   "unlawful," or "fraudulent" as those terms are defined and utilized in California Business
24   & Professions Code § 17200 (the "UCL").

25      11.  Some or all of Plaintiffs' claims are barred by the applicable statute of
26   limitations.

27

28
                                    45
                    Case No. 2:19-cv-01334-SVW-SS
      Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
                        Counterclaim, and Demand for Jury Trial

12.     Some or all of Plaintiffs' claims are barred because Plaintiffs consented to the alleged conduct of Defendant.

13.     Some or all of Plaintiffs' claims should be reduced by the doctrine of set off. This action does not meet the requirements for class action treatment, and Plaintiffs cannot satisfy the requirements for maintenance of a class action, including, without limitation, ascertainability, predominance, typicality, adequacy, and superiority.

14.     Plaintiffs have been fully compensated for any wages owed and, by accepting the payments made, have effectuated an accord and satisfaction of their claims.

15.     All actions taken by Defendant towards Plaintiffs were lawful and not in violation of public policy.

16.     To the extent Plaintiffs seek to recover equitable relief, Plaintiffs are not entitled to such relief because (a) they have an adequate remedy at law and (b) they lack standing.

17.     Even assuming for the sake of argument that Defendant violated a statute in the California Labor Code or California Business & Professions Code or an Industrial Welfare Commission Wage Order, any such violation was a result of an act or omission in good faith, and Defendant had reasonable grounds for believing such act or omission was not a violation of any statute, order, regulation or policy.

18.     Any claim for penalties is unconstitutional under the U.S. Constitution and the California Constitution.

19.     The UCL is unconstitutional, vague, and over broad in the manner in which Plaintiffs claim that it applies to Defendant's business practices; the UCL therefore constitutes a violation of Defendant's rights to due process and equal protection.

20.     Pre-judgment interest may not be granted because the damages claimed by Plaintiffs are not sufficiently certain to allow an award of pre-judgment interest.

21.     Plaintiffs' allegations against unidentified "Doe" Defendants must be dismissed because Plaintiffs have failed to identify and serve those purported Defendants

46

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

in a timely manner.

22. Plaintiffs' claims, including their misclassification claim, meal and rest break claims and minimum wage claims, are preempted under the Supremacy Clause of the U.S. Constitution, U.S. CONST, art. VI, cl. 2, because compliance with California's Labor Code requirements affects Defendant's prices, routes, and services within the meaning of the express preemption provision of the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501.

23. To the extent that Plaintiffs seek to recover under California's meal and rest period rules, that recovery is preempted under the Supremacy Clause of the U.S. Constitution, art. VI, cl. 2, because (a) California's meal and rest break rules conflict with the federal hours of service regulations, 49 C.F.R. Part 395, by imposing a different standard than that carefully set at the federal level by the Federal Motor Carrier Safety Administration ("FMCSA"); and (b) the FMCSA's regulation of the hours of service of drivers in interstate commerce through the federal hours of service regulations, 49 C.F.R. Part 395, leaves no room for additional or supplemental state regulation of drivers' hours of service.

24. The FMCSA precludes the application of and prohibits the enforcement of the California meal and rest break laws to commercial drivers pursuant to 49 U.S.C. § 31141.

25. Plaintiffs' claims regarding Defendant's alleged failure to reimburse Plaintiffs' business expenses and for unlawful deductions under California law are preempted under the Supremacy Clause of the U.S. Constitution, U.S. CONST. art. VI, cl. 2, because (a) they conflict with the Federal Leasing Regulations, 49 C.F.R. Part 376, by prohibiting what is expressly permitted under those regulations; and (b) they affect Defendant's prices, routes, and services within the meaning of the express preemption provision of the FAAAA.

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

26.     Plaintiff's claim for illegal deductions is barred because (a) there is no private right of action under Cal. Lab. Code § 221 and (b) such deductions are permitted under Cal. Lab. Code § 224 and the Federal Leasing Regulation, 49 C.F.R. Part 376.

27.     To the extent that Plaintiffs seek to recover under California's meal and rest period rules for drivers hauling hazardous materials that recovery is preempted under the Supremacy Clause of the U.S. Constitution, Art. VI, cl. 2, because the California meal and rest break rules are in direct conflict with the requirements of 49 C.F.R. § 172.800.

28.     Plaintiffs' claims under the California Labor Code are preempted by the FAAAA because Plaintiffs' claims, if successful, will alter the terms of their privately-negotiated contracts.

29.     Plaintiffs' claims are barred because they are an undue burden on interstate commerce in violation of the Commerce Clause of the U.S. Constitution, art. I, § 8, cl. 3.

30.     Plaintiffs have waived their right to some or all of the meal and rest breaks by failing to take breaks provided to them as required by law, or by expressly waiving the right to take breaks.

31.     Plaintiffs' claims regarding Defendant's alleged failure to pay all wages owed every pay period are barred because California Labor Code § 204 does not provide a private right of action.

32.     To the extent Plaintiffs seek wages and/or penalties for both alleged meal and rest break violations for the same working day, such wages and/or penalties are duplicative and improper.

33.     To the extent that Plaintiffs seek punitive damages based on the alleged acts of Defendant, the Complaint violates Defendant's right to substantive due process as provided by the U.S. Constitution and the California Constitution.

34.     Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to assert them.

35.     Defendant denies that Plaintiffs were Defendant's employees, but even if

48

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

1   they were, to the extent Plaintiffs have asserted a claim under California Labor Code
2   § 203, that claim fails because Plaintiffs did not resign or were not discharged prior to
3   the filing of this action.

4       36.     To the extent Plaintiffs have asserted claims under California Labor Code
5   §§ 201-203, those claims are barred because (a) a good faith, bona fide dispute exists or
6   existed as to whether additional compensation is or was owed, pursuant to California
7   Labor Code §§ 201, 202 and 203; (b) Defendant has not intentionally or willfully failed
8   to pay each additional compensation, and (c) to impose penalties in this action would be
9   inequitable and unjust.

10      37.     Plaintiffs lack standing to assert claims under California Labor Code § 203.

11      38.     The imposition of penalties, including replicating penalties, as applied to the
12  alleged facts and circumstances of this case, would violate Defendant's due process rights
13  under the Fourteenth Amendment of the U.S. Constitution and under the Constitution and
14  laws of the State of California.

15      39.     To the extent Plaintiffs (and the class they seek to represent) seek to recover
16  any damages from Defendant, their damages are limited by setoff as follows:

17          a.     Ly owns a 2005 Freightliner Columbia tractor
18  (VIN 1FUJA6CK55LN57129), which he agreed to lease to Defendant with a
19  qualified driver, pursuant to the Federal Leasing Regulations, 49 C.F.R. Part 376.

20          b.     Nguyen owns a 2009 Freightliner Cascadia tractor
21  (VIN 1FUJGLDR09LAB4378), which he agreed to lease to Defendant with a
22  qualified driver, pursuant to the Federal Leasing Regulations, 49 C.F.R. Part 376.

23          c.     Pursuant to their leases, Plaintiffs agreed to bear operational expenses
24  associated with the use and operation of their tractors and the qualified drivers they
25  provided to perform transportation services for Defendant's customers, including
26  fuel, oil, tires, and maintenance and repair costs.

27          d.     In exchange for Plaintiffs' agreement to bear these expenses,

28

49
Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

Defendant agreed to compensate them, as specified in Appendix B to their leases, for the use of the equipment and the services provided under the leases for the deliveries they completed.

e.     Nowhere in Plaintiffs' leases or their schedules, appendices, or amendments did Plaintiffs and Defendant agree that Defendant would pay any specific amount for the labor of the qualified drivers Plaintiffs provided in connection with providing the transportation services.

f.     Plaintiffs cannot use their claims in the Complaint that Defendant misclassified them to re-write the terms of their leases with Defendant. *See Series AGI W. Linn of Appian Grp. Inv'rs DE LLC v. Eves*, 158 Cal. Rptr. 3d 193, 200 (Cal. Ct. App. 2013) ("Neither abstract justice nor the rule of liberal interpretation justifies the creation of a contract for the parties which they did not make themselves.") (citations and quotations omitted).

g.     Rather, to the extent Plaintiffs demonstrate that they, and the putative class they seek to represent, were misclassified as independent contractors, they may only avail themselves of the remedies afforded for alleged violations of the California Labor Code.

h.     California Labor Code § 1197 and IWC Wage Order No. 9-2001, Section 4, provide that employees must be paid at least the minimum wage for each hour worked.

i.     California Labor Code § 2802 provides that employers must indemnify their employees for all reasonable expenditures incurred in direct consequence of the discharge of their duties.

j.     Therefore, to the extent Plaintiffs demonstrate they were misclassified, their recovery for wages and expenses is limited to the deficit, if any, between the amount Defendant has already compensated them less the wages they were entitled to for personally performing work (as measured by the hours worked

50

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

times the minimum wage) and the reasonable expenses they incurred in carrying out that work based on the following:

40.     Without waiving its ability to oppose class certification and explicitly asserting its opposition to the propriety of class treatment, if the Court does certify a class in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth above against each member of any subsequently certified class.

WHEREFORE, Defendant requests judgment as follows:

A.     That this action not be certified as a class action;

B.     That Plaintiffs takes nothing by way of the Complaint;

C.     That judgment be entered against Plaintiffs and in favor of Defendant;

D.     That Defendant be awarded its attorney fees and costs incurred in this case; and

E.     That Defendant be awarded all other necessary and proper relief.

## III.

## COUNTERCLAIM

Counterclaim Plaintiff, J.B. Hunt Transport, Inc., under Fed. R. Civ. P. 13 and for its Counterclaim against Counterclaim Defendants, Ly and Nguyen, states as follows:

## PARTIES

1.     Counterclaim Plaintiff, a Georgia corporation with its principal place of business in Arkansas, is a transportation and logistics company that, in part, provides regulated, for-hire transportation services in interstate and intrastate commerce.

2.     Upon information and belief, Ly and Nguyen are, and at all times relevant to this Counterclaim were, adults residing in California.

## JURISDICTION

3.     This Court has supplemental jurisdiction over this Counterclaim under 28 U.S.C. § 1367(a) because the claims asserted in the Counterclaim are so related to the

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

claims asserted in the Complaint that they form a part of the same case and controversy under Article III of the U.S. Constitution.

## FIRST CAUSE OF ACTION

### Quasi Contract

### (Against All Counterclaim Defendants)

4.     Ly     owns     a     2005     Freightliner     Columbia     tractor (VIN 1FUJA6CK55LN57129), which he agreed to lease to Defendant with a qualified driver, pursuant to the Federal Leasing Regulations, 49 C.F.R. Part 376. A copy of his lease is attached as *Exhibit A.*

5.     Nguyen     owns     a     2009     Freightliner     Cascadia     tractor (VIN 1FUJGLDR09LAB4378), which he agreed to lease to Defendant with a qualified driver, pursuant to the Federal Leasing Regulations, 49 C.F.R. Part 376. A copy of his lease is attached as *Exhibit B.*

6.     Pursuant to their leases, Counterclaim Defendants agreed to bear the operational expenses associated with the use and operation of their tractors and the qualified drivers they provided to perform transportation services for Counterclaim-Plaintiff's customers, including fuel, oil, tires, and maintenance and repair costs.

7.     In exchange for Counterclaim Defendants' agreement to bear these expenses, Counterclaim Plaintiff agreed to compensate them, as specified in Appendix B to their leases, for the use of the equipment and the services provided under the leases for the deliveries they completed.

8.     Nowhere in Counterclaim Defendants' leases or their schedules, appendices, or amendment, did Counterclaim Defendants and Counterclaim Plaintiff agree that Counterclaim Plaintiff would pay any specific amount for the labor of the qualified drivers Counterclaim Defendants provided in connection with providing the transportation services.

9.     Counterclaim Defendants cannot use their claims in the Complaint that

52

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

Counterclaim Plaintiff misclassified them to re-write the terms of their leases with Counterclaim Plaintiff. *See Series AGI W. Linn of Appian Grp. Inv'rs DE LLC v. Eves*, 158 Cal. Rptr. 3d 193, 200 (Cal. Ct. App. 2013) ("Neither abstract justice nor the rule of liberal interpretation justifies the creation of a contract for the parties which they did not make themselves.") (citations and quotations omitted).

10. Rather, to the extent Counterclaim Defendants demonstrate that they, and the putative class they seek to represent, were misclassified as independent contractors, they may only avail themselves of the remedies afforded for rescission and restitution and alleged violations of the California Labor Code.

11. California Labor Code § 1197 and IWC Wage Order No. 9-2001, Section 4, provide that employees must be paid at least the minimum wage for each hour worked.

12. California Labor Code § 2802 provides that employers must indemnify their employees for all reasonable expenditures incurred in direct consequence of the discharge of their duties.

13. To the extent Counterclaim Defendants demonstrate they were misclassified, their recovery for wages and expenses is limited to the deficit, if any, between the amount Counterclaim Plaintiff has already compensated them pursuant to the terms of their leases less the wages they were entitled to for personally performing work (as measured by the hours worked times the minimum wage) and the reasonable expenses they incurred in carrying out that work.

WHEREFORE, Counterclaim Plaintiff demands judgment against Ly and Nguyen as follows:

A. For rescission of the leases and restitution of all amounts paid to Ly and Nguyen set off by only the reasonable amounts they paid for the operation of their trucks in providing the transportation services for Counterclaim Plaintiff's customers and the minimum wage for hours they actually worked;

B. For an award of pre-judgment and post-judgment interest;

Case No. 2:19-cv-01334-SVW-SS
Defendant's Answer, Affirmative Defenses to Plaintiffs' First Amended Complaint,
Counterclaim, and Demand for Jury Trial

C.      For attorney fees and costs of this action; and

D.      For all other necessary and proper relief.

## **DEMAND FOR JURY TRIAL**

Defendant/Counterclaim Plaintiff, under Fed. R. Civ. P. 38(b) and Local Rules 38-1 & 38-2, demands a trial by jury of this action.

Dated: March 22, 2019                          SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.

By:     */s/ Alaina C. Hawley*
        Alaina C. Hawley

        Attorney for Defendant/Counterclaim Plaintiff, J.B. Hunt Transport, Inc.

4835-2204-6857, v. 3