## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-01334-SVW-SS | Date | April 25, 2019 |
| Title | *Duy Nam Ly et al. v. J.B. Hunt Transport Inc. et al.* | | |

Present: The Honorable STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING PLAINTIFFS' MOTION TO REMAND [20]

For a complaint to trigger the 30-day removal period, the facts supporting removal must be evident on the face of the complaint; in other words, notice of removability is determined by an "examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (holding that "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation"); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (holding that the court would not "charge defendants with notice of removability until they've received a paper that gives them enough information to remove"). The Ninth Circuit has also held that a defendant is permitted "to remove outside [the 30-day period] on the basis of its own information, provided that it has not run afoul" of any other statutory deadline. *Roth*, 720 F.3d at 1125.

However, as this Court and others have found, a complaint may put a defendant on notice of removability without alleging damages of a specific dollar amount. *See, e.g.*, *Rodriguez v. Boeing Co.*, No. CV 14-04265-RSWL (AGRx), 2014 WL 3818108, at *4 (C.D. Cal. Aug. 1, 2014) (holding that the "time for removal commences when a defendant is able to 'intelligently ascertain' that a plaintiff's claim exceeds $75,000") (citation omitted); *Hammarlund v. C.R. Bard, Inc.*, No. 2:15-cv-05506-SVW-JEM, 2015 WL 5826780, *1-2 (C.D. Cal. Oct. 2, 2015) (holding that the defendant had notice of removability because the plaintiff alleged having suffered an umbilical hernia, a small bowel obstruction, kidney

: 

Initials of Preparer

PMC

damage, loss of income and earning potential, and a permanent scar); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (finding amount in controversy satisfied in slip-and-fall case where the plaintiff alleged injuries to her wrist, knee, and upper and lower back, as well as loss of wages and earning capacity and permanent disability and disfigurement); *Campbell v. Bridgestone/Firestone, Inc.*, No. CIVF051499FVSDLB, 2006 WL 707291, *2-3 (E.D. Cal. Mar. 17, 2006) (finding an amount in controversy exceeding $75,000 facially apparent where following a car accident, the plaintiff allegedly suffered head trauma, a broken arm, a broken wrist, a deep leg laceration, loss of earning capacity, and hospital and medical expenses).

The Court DENIES Plaintiffs' motion to remand. First, the Court denies Plaintiffs' request for judicial notice of the 2015 Owner-Operator Driver Compensation Study. The Study "summarizes and examines data from a wide range of sources," including 28 individual firms. Dkt. 20-4 at 2. Plaintiffs seek to introduce the Study "for the purposes of showing industry knowledge of approximate average costs for Southern California truck drivers classified as independent contractors." *Id.* However, the Study is not appropriate for judicial notice because it does not satisfy Federal Rule of Evidence 201, which permits a court to take judicial notice of a fact only if it "is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Facts purportedly attributable to the study—for example, that fuel costs for major trucking companies exceed $30,000 per year on average—are not "generally known" in this Court's territorial jurisdiction. Furthermore, the Court is not confident that the accuracy of the Study cannot reasonably be questioned because the Study involved calculations based on collected data. *See Herwick v. Budget Rent A Car Sys. Inc.*, No. CV 10-00409 SJO (PLAx), 2011 WL 13213626, at *11 (C.D. Cal. Mar. 22, 2011) ("The Court is unable to verify the factual data and calculations contained on the website, and therefore, the source's accuracy can be reasonably questioned."); Dkt. 20-5 at 11. Given that the information in the study is not admissible at this stage, Plaintiffs' motion necessarily fails. All that remains of Plaintiffs' argument is Plaintiffs' contention that Defendant should be "imputed with knowledge of its core business operations," Dkt. 20 at 8, which it also refers to as "institutional knowledge," Dkt. 24 at 6, which Plaintiffs argue would permit Defendant to calculate that Plaintiffs' claims exceed $75,000. However, the Ninth Circuit has clearly held that notice of removability is not determined through subjective knowledge, precluding Plaintiffs' argument.

: 

Initials of Preparer

PMC

      Second, alternatively, even if judicial notice of the Study were appropriate, Defendant still likely would not have had notice of removability because Defendant "was under no duty to investigate the facts *or make calculations*." *Adams v. Toys 'R' Us – Delaware, Inc.*, No. 14-cv-05550-MEJ, 2015 WL 395214, at *4 (N.D. Cal. Jan. 29, 2015) (emphasis added); *see also Noll v. TravelCenters of Am. LLC*, 404 Fed. Appx. 250, 251 (9th Cir. 2010) (holding that the defendant "had no independent duty to calculate the amount in controversy during th[e] first thirty-day period) (Goodwin, J., concurring); *cf. Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (holding that "[m]ultiplying figures *clearly stated in a complaint* is an aspect of th[e] duty" to "apply a reasonable amount of intelligence in ascertaining removability") (emphasis added).

      The Court schedules a jury trial on August 13, 2019 at 9 a.m., with a pre-trial conference on August 5, 2019 at 3 p.m. The parties may file dispositive motions at their discretion at any time prior to the pre-trial conference.

      IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |