**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 90058)
Adam M. Tamburelli, Esq. (SBN 301902)
Cody R. Kennedy, Esq. (SBN 296061)
29800 Agoura Road, Suite 210
Agoura Hills, California   91301
Telephone:   (818) 991-8080
Facsimile:   (818) 991-8081
ssaltzman@marlinsaltzman.com
atamburelli@marlinsaltzman.com
ckennedy@marlinsaltzman.com

*Attorneys for Plaintiffs Duy Nam Ly and*
*Kiet Nguyen, individually and on behalf of*
*all others similarly situated and aggrieved*

## U.S. DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DUY NAM LY** and **KIET NGUYEN**, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **J.B. HUNT TRANSPORT, INC.**, an Arkansas corporation, <br><br> Defendant. | Case No. 2:19-cv-01334-SVW-SS <br> Hon. Stephen V. Wilson <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> 1. **FAILURE TO PAY MINIMUM WAGES (Labor Code §§ 1194, 1197 and Wage Order);** <br> 2. **FAILURE TO PROVIDE MEAL BREAKS (Labor Code §§ 226.7, 512, and Wage Order);** <br> 3. **FAILURE TO PROVIDE REST BREAKS (Labor Code §§ 226.7, 512, and Wage Order);** <br> 4. **FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENSES (Labor Code § 2802);** <br> 5. **UNLAWFUL DEDUCTIONS FROM WAGES (Labor Code § 221 and Wage Order);** <br> 6. **FAILURE TO PROVIDE ADEQUATE WAGE STATEMENTS (Labor Code §§ 226, 226.2 226.3);** <br> 7. **UNFAIR COMPETITION (Bus. & Prof. Code § 17200 *et seq.*);** <br> 8. **QUANTUM MERIT/UNJUST ENRICHMENT** |

**9. VIOLATIONS OF PRIVATE ATTORNEYS GENERAL ACT (Labor Code §§ 2698, *et seq.*)**

**DEMAND FOR JURY TRIAL**

Plaintiffs DUY NAM LY and KIET NGUYEN ("Plaintiffs"), on behalf of themselves, individually, and all others similarly situated and aggrieved, bring this Complaint against Defendant J.B. Hunt Transport, Inc. ("Defendant" or "J.B. Hunt"), and for causes of action against it, allege and complain as follows:

## INTRODUCTION

1.      In a scheme to increase their profits by unlawfully evading their obligations to provide benefits, pay relevant taxes, and absorb various operating costs, J.B. Hunt has misclassified Plaintiffs and other similarly situated and aggrieved intermodal truck drivers who signed Intermodal Independent Contractor Operating Agreements ("Class Members") as independent contractors rather than employees. By this action, Plaintiffs seek to put an end to this illegal and oppressive conduct.

2.      Plaintiffs and Class Members, who are required to work exclusively for J.B. Hunt, are plainly employees under California law. J.B. Hunt completely controls the overall operation of its business: it coordinates with customers in need of trucking services, negotiates prices, sets delivery times, and provides the workers. J.B. Hunt also has near complete control over Class Members' assignments and trucks, unilaterally sets the rates it pays them, and retains and exercises the right to terminate them with or without cause.

3.      In fact, J.B. Hunt employs company drivers and properly classify them as employees. Those company drivers perform the same duties as Plaintiffs and Class Members. The only practical difference between the company drivers and Class Members is that Class Members own their own trucks and are classified by Defendant as "Independent Contractors."

4. Plaintiffs and Class Members, as a condition precedent to employment, are required to abide by uniform rules and policies promulgated by J.B. Hunt subjecting them to strict control, and incorrectly classifying them as independent contractors.

5. As a result of J.B. Hunt's misclassification, Plaintiffs and Class Members are forced to absorb thousands of dollars of costs appropriately borne by their employer, leaving many in a financially precarious position with limited take home pay. They are also deprived of the protection of workers' compensation benefits in the event of injury, as well as other benefits to which they are entitled. Moreover, because of its misclassification, J.B. Hunt fails to properly pay California taxes it owes. These actions illegally reduce J.B. Hunt's costs of doing business, and constitute unlawful and unfair business practices in violation of California's Unfair Competition Law.

6. Additionally, by willfully and intentionally misclassifying Plaintiffs and Class Members as independent contractors, J.B. Hunt failed to pay them minimum wages, failed to pay overtime wages, failed to provide mandatory meal and rest breaks, failed to maintain adequate records, failed to reimburse employees for reasonably incurred businesses expenses, made improper deductions from wages, and failed to provide accurate wage statements.

7. As such, J.B. Hunt's policies, practices, and customs have resulted in violations of the California Labor Code, IWC Wage Order No. 9, and laws covered by the Private Attorneys General Act ("PAGA"), and constitute unlawful and/or unfair business practices, in violation of the California Business & Professional Code, which have resulted in damages to Plaintiffs and Class Members.

8. Further, Plaintiffs and the Class Members rendered services to Defendant from which Defendant derived benefit. Defendant, however, failed to compensate Plaintiffs and the putative class members for the reasonable value of such services. Thus, J.B. Hunt was unjustly enriched.

FIRST AMENDED CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

9.      This Court has jurisdiction over the statutory violations alleged herein, including, but not limited to, violations of Labor Code §§ 200-203, 226, 226.2, 226.3, 226.7, 226.8, 510, 512, 558, 1174, 1194, 1197, 1198, and 2802, as well as over the violations of Bus. & Prof. Code §§ 17200 *et seq.*, and the governing California IWC Wage Order No. 9 and other California Regulations.

10.      Venue is proper under 28 U.S.C. § 1391 because Defendant, at all material times, has had continuous and systematic contacts in this District by actively doing business and perpetuating the deceptive business practices that are the subject of this lawsuit in this District. In addition, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

**PARTIES**

11.      Plaintiff Duy Nam Ly, is a resident of the State of California, and has been employed by Defendant from on or about November 10, 2011, to the present.

12.      Plaintiff Kiet Nguyen, is a resident of the State of California, and has been employed by Defendant from on or about April 27, 2017, to the present.

13.      Plaintiffs have been victimized by the policies, practices, and customs of Defendant, which are complained of in this action, in ways that have deprived them of the rights guaranteed to them by IWC Wage Order No. 9, the Labor Code, and the Bus. & Prof. Code.

14.      Defendant J.B. Hunt is an Arkansas corporation doing business within the State of California. Defendant has at all relevant times been an employer covered by the Labor Code and IWC Wage Order 9.

**CLASS ALLEGATIONS**

15.      Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this action on behalf of themselves and the following class of individuals similarly situated:

All persons who at any time during the Class Period: (1) were designated by Defendant as independent contractors; and (2) who performed work for

Defendant as intermodal truck drivers in the State California.

16. Plaintiffs and Class members seek relief under Rule 23(a), (b)(2), (b)(3), and/or (c)(4). The request for injunctive relief is a significant reason for bringing this case and separately justifies the prosecution of this litigation.

17. **Class Period:** The Class Period is defined as commencing at a date that is four years prior to the date of the filing of the original complaint and continuing from that point forward, until the date that a final judgment has been entered in this matter.

18. **Numerosity:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The identities of the members of the class are readily ascertainable by review of Defendant's records, including, without limitation, payroll records, work orders, work assignments, and other documents, vouchers and receipts issued to the Class Members by Defendant.

19. **Adequacy of Representation:** The named Plaintiffs are fully prepared to take all necessary steps to represent, fairly and adequately, the interests of the above-defined class. Plaintiffs' attorneys are ready, willing, and able to fully and adequately represent the class and individual Plaintiffs. Plaintiffs' attorneys have prosecuted, tried, and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in the California state and federal courts, as well as elsewhere in the United States.

20. Defendant uniformly administered a company-wide policy and practice of misclassifying Plaintiffs and the putative Class Members as "independent contractors" and (a) not paying Plaintiffs and the class all wages, including minimum wages and overtime wages, earned, (b) failing to provide mandatory meal and rest breaks and/or failing to pay premium wages for missed meal and/or rest periods, (c) failing to keep proper records as required by the Labor Code and applicable Wage Order regulations, (d) requiring Plaintiffs and the class members to incur and pay for Defendant's necessary business expenses, without reimbursement therefor,

FIRST AMENDED CLASS ACTION COMPLAINT

(e) making unlawful deductions from Plaintiffs' and class members' wages, (f) failing to provide accurate wage statements, (g) failing to compensate Plaintiffs for the reasonable value of their services provided, (h) engaging in unfair business practices, and (i) violating wage and hour laws that carry civil penalties recoverable under PAGA.

21.    Plaintiffs are informed and believe, and based thereon allege, that this enterprise-wide conduct was and is accomplished with Defendant's advance knowledge of the misclassification, and arises out of Defendant's designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

22.    Plaintiffs are informed and believe and based thereon allege, that Defendant had a consistent and uniform policy, practice, and/or procedure of willfully failing to comply with Code §§ 200-203, 204, 226, 226.2, 226.3, 226.7, 226.8, 510, 512, 558, 1174, 1194, 1197, 1198, 2802, as well as other violations that constitute unfair and/or unlawful conduct under Bus. & Prof. Code §§ 17200 *et seq*., and the governing Wage Order regulations.

23.    **Common Questions of Law and Fact:** There are predominant common questions of law and fact and community of interest amongst Plaintiffs and the claims of the class, concerning' Defendant's treatment of them, including but not limited to:

    a.    Whether Class Members were improperly classified as independent contractors instead of employees

    b.    Whether Defendant failed to pay for all time worked, by virtue of its payment system that only paid piece rate for certain specified activities performed, while paying nothing for time worked on other required duties;

    c.    Whether the Class Members performed services for Defendant;

    d.    Whether Defendant engaged Class Members to do work;

e.    Whether Defendant suffered or permitted the Class Members to do work;

f.    Whether Class Members were free from the control and direction of Defendant in connection with their work;

g.    Whether Class Members' work is outside the usual course of Defendant's business;

h.    Whether Class Members are engaged in an independently established trade, occupation, or business of the same nature as that involved in the work they perform for Defendant;

i.    Whether Defendant retained all control over its business operations;

j.    Whether the compensation paid to Class Members, based on hours worked, was less than the applicable minimum wage or, where applicable, less than the proper overtime wage;

k.    Whether the Class Members were entitled to mandatory meal and rest breaks, and if so, whether they were made available or provided, and whether premium wages should have been paid when meal and/or rest periods were missed;

l.    Whether Class Members ever received a paid rest period;

m.    Whether Defendant kept adequate employment records;

n.    Whether the Class Members were improperly required to incur Defendant's necessary business expenses without reimbursement therefor;

o.    Whether Defendant made illegal deductions from the Class Members' earnings;

p.    Whether Defendant provided accurate and itemized wage statements;

q.    Whether the Defendant's policies and practices, as described herein, were unlawful and/or unfair business practices; and

r.    Whether the Defendant was unjustly enriched by failing to pay a

FIRST AMENDED CLASS ACTION COMPLAINT

reasonable value to Plaintiffs and putative Class Members for their services.

24.     **Typicality:** The claims of the Plaintiffs are typical of the claims of all members of the Class. Plaintiffs are members of the putative Class. Plaintiffs have suffered and incurred damages as a result of the alleged violations of the applicable Wage Order, the Labor Code and the Bus. & Prof. Code and the failure to be reasonably compensated for his services, herein alleged.

25.     The Labor Code and Wage Order upon which Plaintiffs bases their claims are remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards. These laws and labor standards protect the average worker from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. Such statutes and regulations are designed to defeat rather than implement express or implied agreements that depart from the statutory scheme, in the employment contract.

26.     The nature of this action and the format of laws available to Plaintiffs and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein and, therefore, is the superior means of redress of Defendant's alleged wrongdoings. If each Plaintiff and member of the putative class were required to file an individual lawsuit, the Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by workers who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employments. The filing of individual lawsuits would also create an unnecessary strain on existing judicial

resources and raise the potential for inconsistent findings and verdicts among the various litigations.

27. The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class Members against the Defendant and which would establish potentially incompatible standards of conduct for the Defendant, and/or (b) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

28. Such a pattern, practice, and uniform administration of enterprise-wide policies and practices regarding illegal and improper compensation, as described herein, creates an entitlement to recovery by the Plaintiffs and the Class Members identified herein, in a civil action, for the unpaid balance of the full amount of unpaid and/or withheld compensation, including interest thereon, applicable penalties and premium pay, reasonable attorneys' fees, and costs of suit according to the mandates of, *inter alia*, Labor Code §§ 226, 1194, and Code of Civil Procedure § 1021.5.

29. Proof of common business practices and/or factual patterns, which the named Plaintiffs experienced and are representative of, will establish the right of each of the members of the proposed class to recover on the causes of action alleged herein.

30. The putative class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendant. The class is commonly entitled to restitution of those funds being improperly withheld by Defendant. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

# SUBSTANTIVE ALLEGATIONS

## Working for J.B. Hunt

31.     J.B. Hunt truck drivers perform an integral and essential aspect of its business: the delivery of cargo. On its website, J.B. Hunt advertises that it is one of the "largest transportation logistics companies in North America." It also advertises that "Our service offerings include transportation of full truckload containerizable freight, which we directly transport utilizing our company-controlled revenue equipment and company drivers or independent contractors. We also have arrangements with most of the major North American rail carriers to transport truckload freight in containers and trailers."

32.     In the "intermodal" section of its website, J.B. Hunt advertises that it "J.B. Hunt operates the largest fleet of company-owned 53' containers and one of the largest drayage fleets in the world" and its "company-owned and contracted drayage network executes door-to-door intermodal service."

33.     In short, the delivery of cargo is J.B. Hunt's usual and principal business operation. Without its truck drivers, J.B. Hunt could not carry on its business.

34.     Plaintiffs and Class Members are hired by J.B. Hunt as intermodal truck drivers. They provide transportation services strictly at one or more of J.B. Hunt's intermodal locations.

35.     J.B. Hunt, as a matter of policy and procedure, designates Plaintiffs and Class Members as independent contractors.

36.     Despite labelling these drivers as independent contractors, J.B. Hunt both retains the absolute right to terminate Plaintiff and the Class at-will upon 30 days' notice, and the absolute right to terminate them immediately and without notice in its sole discretion.

37.     Plaintiffs were solely paid on a piece rate basis. They were not compensated for any other work that they regularly performed and were generally

required to work at least 10 hours a day. They were not provided meal breaks or rest periods by Defendant. They did not receive pay stubs that, among other issues, recorded their rate of pay, the number of hours that they worked, or broke out the total hours of compensable rest and recovery periods.

**J.B. Hunt's Misclassification of Plaintiffs and Class Members**

38.    Under the applicable statutes and Wage Order regulations, J.B. Hunt is the "employer" of Plaintiffs and Class Members because the J.B. Hunt has engaged them to do something of benefit for it or a third-party (Labor Code § 2750), and because it exercises pervasive control over the drivers and retains all necessary control over their business enterprise. Further, J.B. Hunt exercised control over the wages, hours, and/or working conditions of the drivers, so as to render all class members employees.

39.    Additionally, under the applicable IWC Wage Order, a worker in California cannot be an independent contractor unless the hirer can prove: (A) that the worker is free from the control and direction of the hirer in connection with the performance of the work, both under the contract for the performance of such work and in fact; **and,** (B) that the worker performs work that is outside the usual course of the hiring entity's business; **and** (C) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed for the hiring entity.

40.    As discussed in the following paragraphs, J.B. Hunt cannot prove that it meets any of the above requirements, so J.B. Hunt misclassifies Plaintiffs and Class Members as independent contractors instead of employees.

41.    First, J.B. Hunt retains and exercises significant control over the details of Plaintiffs' and Class Members' schedules, routes, deliveries, the manner and means of how the delivery work is performed, and all necessary aspects of their working conditions. Among other things, J.B. Hunt holds Plaintiffs and Class Members to strict standards of service pervasive throughout the entire delivery

process and requires them to adhere to all "customer requirements" and to meet "customer service" standards regarding J.B. Hunt's customers.

42.    Second, the service provided by Plaintiffs and Class Members—truck driving—is not an independently established trade such as a plumber or electrician. Rather, they are integral and central to the operation of J.B. Hunt's core business. J.B. Hunt provides transportation services. Plaintiffs and Class Members perform these services for J.B. Hunt: they are hired to transport and deliver cargo in California based on times, locations, and for fees determined by J.B. Hunt. Indeed, J.B. Hunt employs company drivers, who perform the same duties as Plaintiffs and Class Members.

43.    Third, J.B. Hunt prevents Plaintiffs and Class Members from engaging in an independently established trade, occupation, or business by refusing to allow them to use their trucks for any purposes other than J.B. Hunt's business.

44.    Pursuant to J.B. Hunt's uniform policies and practices, J.B. Hunt retains almost unfettered control over Plaintiffs' and Class Members' trucks. It requires that Plaintiffs and Class Members lease their truck to J.B. Hunt, and Plaintiffs and Class Members are prevented from entering into any agreement for the use of the Truck for the benefit of anyone but J.B. Hunt. Additionally, J.B. Hunt retains exclusive possession, control, and use of the equipment for the duration of the Lease. Any deviation from this policy requires written permission from J.B. Hunt, or the driver may face immediate termination. Further, J.B. Hunt also requires Plaintiffs and Class Members to have their trucks inspected when J.B. Hunt requires and at the place of J.B. Hunt's choosing.

45.    J.B. Hunt dictates the manner in which Plaintiffs and Class Members perform their work. For example, it requires Plaintiffs and Class Members to transport the freight tendered to it by J.B. Hunt from point of origin to point of destination in a reasonable and timely manner. It also requires Plaintiffs and Class Members to make every reasonable effort to perform freight transportation services

hereunder in a prompt, competent and diligent manner consistent with J.B. Hunt's standards of customer service and satisfaction, and to comply with J.B. Hunt's operating policies and procedures. Further, Plaintiff and the Class Members are required to adhere to customer service expectations that must be met in servicing J.B. Hunt's transportation needs.

46.     Plaintiffs and Class Members are required to either purchase or rent an on-board computer from J.B. Hunt for dispatch and tracking purposes. That on-board computer tracks every movement on Plaintiffs' and Class Members' trucks, even when they are not performing work for J.B. Hunt.

47.     J.B. Hunt further retains the sole discretion to modify and terminate Plaintiffs' and Class Members' piece-rate compensation rates and fees reimbursement rates.

48.     J.B. Hunt requires Plaintiffs and Class Members to obtain and maintain insurance at their own expense, and to name J.B. Hunt as an additional insured under the policies.

49.     Plaintiffs and Class Members are uniformly required to pay many employment-related expenses including, fuel, oil, tires and equipment, vehicle maintenance costs and repairs, various taxes and assessments, and expenses necessary to keep their trucks in compliance with all federal and state safety laws and regulations. Additionally, Plaintiffs and Class Members are required to pay J.B. Hunt "administrative fees," such as $50 per year to compensate J.B. Hunt "for the cost of qualifying contractor's drivers under US DOT regulations" a 15% fee for paying for driver qualification services (which Plaintiffs and Class Members are required to reimburse J.B. Hunt for anyway).

50.     Defendant further retains the right to set schedules for Plaintiff and Class Members at its convenience (e.g. the right to assign pick-up and/or delivery dates and times in order for J.B. Hunt to maintain customer satisfaction).

51.     J.B. Hunt regularly exercises this right. Accordingly, Plaintiffs and

Class Members are expected to work at least 10 hours per day, five days per week, and are assigned a specific shift that they are expected to adhere to every day.

52.    Additionally, J.B. Hunt unilaterally set the prices charged to its customers, and Plaintiffs and Class Members have no control over those prices.

53.    Despite the above, J.B. Hunt knowingly and intentionally misclassifies Plaintiffs and Class Members as independent contractors when, under California law, they are employees who are working within J.B. Hunt's business, providing the service that J.B. Hunt exists to provide to its customers.

**J.B. Hunt's Failure to Provide Meal Periods**

54.    At all times relevant hereto, California Labor Code sections 226.7 and 512 and IWC Wage Order 9, section 11, required employers to provide employees with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours and a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day.

55.    At all times relevant hereto, California Labor Code section 226.7(b) and IWC Wage Order 9, section 11, required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper meal period is not provided.

56.    J.B. Hunt did not have, maintain, or publish a compliant meal period policy.

57.    Further, by improperly classifying Plaintiff and Class Members as independent contractors, J.B. Hunt affirmatively represented to Plaintiff and the Class that they had no rights to receive the meal periods that were legally required to be provided by J.B. Hunt.

58.    J.B. Hunt failed to provide breaks, keep records of break times and did not inform Plaintiffs and Class Members of their rights to a thirty (30) minute, uninterrupted, duty-free meal break under California law.

59.     J.B. Hunt regularly failed to provide a timely thirty (30) minute off-duty meal period to Class Members when working more than five (5) hours in a day.

60.     J.B. Hunt further regularly failed to provide a second timely thirty (30) minute meal period to Class Members who worked more than ten (10) hours in a day.

**J.B. Hunt's Failure to Permit and Compensate for Rest Periods**

61.     At all times relevant hereto, California Labor Code section 226.7 and IWC Wage Order, 9, section 12, required employers to authorize, permit, and provide a ten (10) minute paid rest period for each four (4) hours of work, during which employees are relieved of all duty. Such breaks are paid and counted as hours worked.

62.     At all times relevant hereto, California Labor Code section 226.7(b) and IWC Wage Order, 9, section 12, required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

63.     J.B. Hunt did not have, maintain, or publish a compliant rest period policy.

64.     Further, by improperly classifying Plaintiff and the Class as independent contractors, J.B. Hunt affirmatively represented to Plaintiff and the Class that they had no rights to receive the rest periods that were legally required to be provided by J.B. Hunt.

65.     J.B. Hunt regularly failed to provide a ten (10) minute paid rest period for each four (4) hours of work, during which the Class Members should have been relieved of all duty.

66.     As a result of J.B. Hunt's compensation scheme, J.B. Hunt failed to compensate Class Members for break times when breaks were not provided. J.B. Hunt's compensation scheme did not permit paid rest breaks as mandated by California law.

67.     J.B. Hunt regularly failed to pay one hour of additional pay at the regular rate of compensation for each Class Member each workday that a proper rest period was not provided.

**J.B. Hunt's Failure to Maintain Adequate Employment Records and Failure to Provide Accurate Itemized Wage Statements**

68.     At all times relevant hereto, California Labor Code section 226 and IWC Wage Order, 9, section 7, required employers to maintain adequate employment records and provide employees with accurate itemized wage statements showing gross wages, total hours worked, all applicable hourly rates worked during each pay period, the corresponding number of hours worked at each hourly rate, and the beginning and end of all meal breaks taken.

69.     Wage statements provided by J.B. Hunt do not show all wages earned, all hours worked, or all applicable rates, in violation of the California Labor Code section 226, IWC Wage Order 9, section 7.

70.     Moreover, J.B. Hunt did not maintain adequate records of all wages earned, hours worked and meal breaks taken.

**J.B. Hunt's Failure to Indemnify Delivery Workers for Its Business Expenses**

71.     At all times relevant hereto, California Labor Code section 2802 required employers to indemnify their employees for "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer…"

72.     IWC Wage Order 9, section 9, requires employers to maintain tools and equipment required by the employer or that are necessary to the performance of the job.

73.     J.B. Hunt have failed to reimburse Plaintiffs and Class Members for all business-related expenses and costs delivery workers incurred including, but not limited to, fuel, maintenance, repairs, uniform costs and expenses, scanner fees, cell phone fees, GPS service fees, and liability and other insurance covering work place

injuries or property damage.

74.     J.B. Hunt also takes deductions from Plaintiffs' and Class Members' paychecks for work-related expenditures in direct consequence of their job duties.

**J.B. Hunt's Unlawful Deductions from Delivery Workers' Wages**

75.     At all times relevant hereto, IWC Wage Order 9, section 8, required that no employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee.

76.     Wage statements provided by J.B. Hunt show deductions from Plaintiffs' and Class Members' paychecks for work-related expenditures they incurred in direct consequence of their job duties, in violation of the IWC Wage Order number 9, section 8.

**J.B. Hunt's Intentional Misclassification of Delivery Workers as Independent Contractors**

77.     At all times relevant hereto, California Labor Code section 226.8 makes it unlawful for an employer to willfully misclassify an individual as an independent contractor.

78.     J.B. Hunt willfully and intentionally misclassified Plaintiffs and Class Members as independent contractors and in doing to, failed to provide the workers with all of the rights and protections afforded them under the wage and hour laws, thereby resulting in all of the violations alleged herein, including, but not limited to, unlawfully charging workers fees and making unlawful deductions from workers' wages in violation of Labor Code provisions.

**J.B. Hunt's Conduct Violated PAGA**

79.     Plaintiffs also claim herein, on behalf of themselves and the proposed class members, all penalties permitted by the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code § 2698, *et seq*. By letter dated June 22, 2018,

Plaintiffs gave written notice to the Labor and Workforce Development Agency and J.B. Hunt of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. The LWDA has not responded, and over 65 days have elapsed since notice was sent.

**COUNT I**

**FOR FAILURE TO PAY MINIMUM WAGE**

**(Labor Code §§ 1194, 1197, and Wage Order)**

80.    Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

81.    Notwithstanding the unconscionable piece-rate policies and procedures that Defendant requires Class Members to agree to as a condition of employment, Plaintiffs and Class Members are Defendant's employees, as heretofore alleged, because, *inter alia*, Defendant engages, suffers or permits the drivers to work for them, yet retain all necessary control over their business and exercise significant control over the wages, hours of work, and working conditions of the Plaintiffs and Class members.

82.    Defendant provides the quintessential "tools" for Plaintiffs and Class Members, including without limitation the cargo to be transported, the on board computer to communicate with dispatch, and the terminals in which the cargo is loaded and unloaded, among others. Defendant controls the rates paid, the loads assigned, the number of loads, the timing of the loads and the hours worked. Defendant demands strict compliance with its customer service and service and compliance standards when transporting cargo, and, as alleged herein, assume full control over Plaintiffs' and Class Members' vehicles.

83.    Among Defendant's requirements are that the vehicles may not be used to transport cargo for any other company or purpose at any time.

84.    When Plaintiffs' and Class Members' working hours are divided into the amount of compensation paid by Defendant, the result is an hourly rate that is

less than that set by the IWC Minimum Wage Order. This result is further exacerbated when the unlawful deductions and unreimbursed business expenses are deducted from the gross wages paid.

85.    Furthermore, insofar as Plaintiffs and Class Members are only paid for the pieces (i.e., deliveries) they complete, they are not paid at all for time worked not covered by the piece rate system such as conducting required inspections, cleaning trucks and shipping containers, detention time until a certain threshold is reached, and time attending training and other meetings. Additionally, and because Defendant has no rest break policy, the delivery workers are not paid, at all, for the rest periods that the Labor Code and Wage Order designate as "hours worked." In each and every instance, the workers receive less than the minimum wage for their mandated rest periods.

86.    Labor Code § 1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

87.    Labor Code § 1194 provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

88.    Labor Code § 1194.2(a) provides: "In any action under … Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

89.    Insofar as Defendant failed to pay Plaintiffs and Class Members an amount that was at least the same as the applicable minimum wage, Defendant was

and is in violation of the applicable wage and hour laws.

90.     Plaintiffs and Class Members class are entitled to damages in the sum of unpaid wages, liquidated damages, and the other relief provided by the Labor Code, in an amount according to proof at the time of trial.

## COUNT II

### FOR FAILURE TO PROVIDE MEAL BREAKS

### (Labor Code §§ 226.7, 512, and Wage Order)

91.     Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

92.     Under California law, and as applicable hereto, no worker may be compelled to labor for a work period of five or more hours without being provided with a 30-minute, duty-free meal break. Likewise, no worker may be compelled to work for more than 10 hours in a single day, without being provided with a second, 30-minute, duty-free meal break. (Labor Code § 512 and Part 11 of Wage Order 9.)

93.     Defendant failed to provide the required meal breaks to Plaintiffs and Class Members, even though they regularly labored for work periods of more than five hours, without a meal break, and workdays of more than 10 hours, without a second meal break. Plaintiffs allege, on information and belief, that Defendant had no policy, procedure, or practice with regard to the provision of meal breaks to the delivery workers and that the lack of such policy, procedure, and practice led to the result that none of the delivery workers were provided with the required meal breaks.

94.     Pursuant to Labor Code § 226.7(b), each Plaintiff and each member of the putative class is entitled to recover from Defendant the sum of one hour of pay at their regular rate for each meal period that was not provided by Defendant.

## COUNT III

### FOR FAILURE TO PROVIDE REST BREAKS

### (Labor Code §§ 226.7, 512, and Wage Order)

95.     Plaintiffs re-allege and incorporate by reference all of the preceding

paragraphs of this complaint, as though set forth in full at this point.

96.    Under California law, and as applicable hereto, employers must authorize and provide a ten minute, duty-free rest break for every four hours of work in a workday. *See* Labor Code §§ 226.7, 512, and Part 12 of Wage Order 9. The rest period shall be counted as "hours worked." *Id*.

97.    Defendant failed to authorize and/or provide the required rest breaks to Plaintiffs and the Class Members, even though Plaintiffs and the Class Members regularly labored for work periods of more than four hours, without a rest break, and workdays of more than 10 hours, without additional rest breaks. Plaintiffs allege, on information and belief, that Defendant had no policy, procedure, or practice that affirmatively authorized rest breaks to the Class Members, and in fact Defendant affirmatively represented that Plaintiff and the Class Members were Independent Contractors not entitled to be provided rest breaks by Defendant. Defendant's uniform policies procedures and practices constitute a failure to authorize such breaks and led to the result that required rest breaks were not provided.

98.    Further, as Defendant only compensated Plaintiffs and the Class Members, based on a piece rate and thus, did not have a mechanism to compensate Plaintiffs and Class Members for rest periods, even if taken, then Plaintiffs and Class Members could not and did not receive paid rest periods as required by California law.

99.    Pursuant to Labor Code § 226.7(b), each Plaintiff and each member of the putative class is entitled to recover from Defendant the sum of one hour of pay at their regular rate for each rest period that was not authorized and/or provided by Defendant.

## COUNT IV

### FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENSES
### (Labor Code § 2802)

100.    Plaintiffs re-allege and incorporate by reference all of the preceding

FIRST AMENDED CLASS ACTION COMPLAINT

paragraphs of this complaint, as though set forth in full at this point.

101.   Under California law, workers are entitled to be indemnified "for all necessary expenditures or losses incurred by them in direct consequence of the discharge of their duties."

102.   As previously alleged herein, Defendant maintain uniform policies, procedures, and practices requiring Plaintiffs and Class Members to incur significant, substantial, and ongoing necessary business expenses that rightfully should have been borne by Defendant, and Defendant has failed to reimburse Plaintiffs and Class Members for the said expenses.

103.   Because these necessary expenses were incurred by Plaintiffs and Class Members in direct consequence of the discharge of their duties, Plaintiffs and Class Members are entitled to be indemnified, pursuant to Labor Code § 2802(b), with interest thereon beginning from the date that each expense was incurred.

## COUNT V

### FOR IMPROPER DEDUCTIONS FROM WAGES

### (Labor Code § 221; Wage Order)

104.   Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

105.   California law prohibits an employer from deducting anything from an employees' wages, other than those deductions explicitly permitted by law. The fees deducted from Plaintiffs' and Class Members' wages are not explicitly permitted by law. Nevertheless, Defendant's custom, policy and practice was and is to deduct these fees from wages being paid to Plaintiffs and Class Members. This deduction was and is an illegal deduction from wages under California law.

106.   Further, California law prohibits an employer, in the absence of dishonesty or gross negligence, from making any deduction or requiring any reimbursement for any cash shortage, breakage, or loss of equipment. However, Defendant had and has a policy, custom, and/or practice of making such unlawful

deductions and requiring unlawful reimbursements. from Plaintiffs and Class Members.

107.   Plaintiffs and Class Members are entitled to recover from Defendant the amounts improperly and illegally deducted from their compensation, and an award of reasonable costs and attorneys' fees.

**COUNT VI**

**FOR INADEQUATE AND/OR FAILURE TO PROVIDE**

**ACCURATE, ITEMIZED WAGE STATEMENTS**

**(Labor Code §§ 226 and 226.2)**

108.   Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

109.   Labor Code § 226 makes it unlawful for an employer to fail to provide accurate and itemized wage statements to its employees.

110.   Pursuant to California Labor Code § 226(a), Plaintiffs and Class Members were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing, *inter alia*: (a) gross wages earned; (b) net wages earned; (c) all applicable hourly rates in effect during the pay period; and (d) the corresponding number of hours worked at each hourly rate by the employee.

111.   Pursuant to Labor Code § 226.2(a)(2)(A), Plaintiffs and the Class Members, as they were paid solely on a piece rate basis, were also entitled to receive, an accurate itemized statement showing: (a) the total hours of compensable rest and recovery periods; (b) the rate of compensation, and (c); the gross wages paid for those periods during the pay period.

112.   Defendant violated the foregoing provisions, in that Defendant failed to provide Plaintiffs and Class Members with accurate itemized statements in accordance with California Labor Code § 226(a) by providing Plaintiffs and Class Members with wage statements with inaccurate entries for hours worked,

corresponding rates of pay, and total wages earned, as a result of the unlawful labor and payroll practices described herein. Defendant also violated § 226.2(a)(2)(A) by failing to provide Plaintiffs and Class Members wage statements that provided the total hours of compensable rest and recovery periods, the rate of compensation for them, and the gross wages paid for those periods during the pay period.

113.   Defendant's violations were knowing and intentional.

114.   Plaintiffs and Class Members are therefore entitled to the statutory penalty and/or damages set forth in subdivision (e) of section 226, as well as an injunction against Defendant, under subdivision (h), including an award of costs and reasonable attorney's fees.

<u>**COUNT VII**</u>

**FOR UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200, *et seq.*)**

115.   Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

116.   Defendant has engaged and continues to engage in unfair and unlawful business practices in California by practicing, employing, and utilizing the policies, customs, and practices outlined above, including, to wit: (1) not paying all wages, including minimum wage, and overtime; (2) failing to pay all earned wages in a timely fashion; (3) failing to pay premium wages for meal and rest breaks not provided; (4) making improper deductions from compensation and failing to keep proper records as required by law; (5) failing to reimburse and/or indemnify Plaintiffs and Class Members for Defendant's necessary business expenses; (6) improperly classifying Plaintiffs and Class Members as independent contractors; and (7) Failing to pay all wages owed upon termination.

117.   Plaintiffs and Class Members have each suffered actual harm as a result of Defendant's unfair and/or unlawful business practices. Plaintiffs and the Class Members have been deprived of wages actually earned but wrongfully and

unlawfully retained by Defendant.

118.   Defendant's utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendant's competitors who follow the law.

119.   Plaintiffs seek, on their own behalf, on behalf of the Class Members, aggrieved employees, and on behalf of the general public, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendant by means of the unfair practices complained of herein.

120.   The acts complained of herein occurred within the last four years preceding the filing of this action.

121.   Defendant has engaged in unlawful, deceptive, and unfair business practices, a proscribed by Bus. & Prof. Code §§ 17200 *et seq*., including those set forth hereinabove, thereby depriving Plaintiffs and other members of the general public of the wages, minimum working standards and conditions due to them under California's laws and Industrial Welfare Commission wage orders specifically described herein.

## <u>COUNT VIII</u>
### FOR UNJUST ENRICHMENT

122.   Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

123.   Plaintiffs and the Class Members conferred a benefit upon Defendant by working on its behalf without compensation, including but not limited to, working hours for which they were not compensated.

124.   Defendant had an appreciation or knowledge of the benefit conferred by Plaintiffs and the Class Members.

125.   Defendant accepted and retained the benefit under circumstances as to make it inequitable for Defendant to retain the benefit without payment of its value.

## COUNT IX

### FOR VIOLATIONS OF THE PRIVATE ATTORNEYS GENERAL ACT
### (Labor Code § 2699)

126.   Plaintiffs reallege and incorporates by reference all of the preceding paragraphs of this complaint as though fully set forth herein.

127.   Under Labor Code § 2699, any employee aggrieved by an employer's violation of the Labor Code and/or applicable IWC Wage Order has the right to file an action on behalf of all aggrieved employees for the penalties established by Section 2699 and/or other Labor Code sections.

128.   The aforementioned wrongful acts and omissions of Defendant were violations of the Labor Code and/or applicable IWC Wage Order, as set forth herein, including Labor Code §§ 200-203, 226, 226.2, 226.3, 226.7, 226.8, 510, 512, 558, 1174, 1194, 1197, 1198, and 2802.

129.   Defendant also violated Labor Code section 204 by failing to timely pay all wages owed to Plaintiffs and the Class Members as required by statute.

130.   Plaintiffs are current or former employees who have been aggrieved by Defendant's violations of the aforementioned Labor Code and/or Wage Order provisions, and Class Members are aggrieved employees as well.

131.   During the relevant time period, Defendant engaged in each of the wrongful acts and/or omissions detailed above. As a result, Plaintiffs and Class Members are entitled to one hundred dollars ($100) for each initial Labor Code violation and two hundred dollars ($200) for each subsequent violation, except for those sections that provide for different penalties, and/or any and all other penalties permitted by PAGA. *See* Labor Code § 2699(f)(2).

132.   Plaintiffs and the Class Members are also entitled to recover unpaid wages pursuant to Labor Code section 558.

133.   As set forth above, Plaintiffs have complied with all pre-filing requirements of Labor Code § 2699.3.

FIRST AMENDED CLASS ACTION COMPLAINT

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment for themselves and all others on whose behalf this suit is brought against Defendant, as follows:

1. For an order certifying the proposed Class;

2. For an order appointing Plaintiffs as the representatives of the Class;

3. For an order appointing Counsel for Plaintiffs as Class counsel;

4. On the First Cause of Action, for damages and/or penalties, including liquidated damages, as provided by statute, in an amount according to proof at the time of trial;

5. On the Second Cause of Action, for damages and/or penalties, as provided by statute, in an amount according to proof at the time of trial;

6. On the Third Cause of Action, for damages and/or penalties, as provided by law, in an amount according to proof at the time of trial;

7. On the Fourth Cause of Action, for damages and/or penalties, as provided by law, in an amount according to proof at the time of trial;

8. On the Fifth Cause of Action, for reimbursement of all business expenses advanced by Plaintiffs and the class members, in an amount according to proof at the time of trial;

9. On the Sixth Cause of Action, for damages and/or penalties, as provided by law, and for an injunction enjoining Defendant from continuing to make unlawful deductions from Class Members' compensation, interest thereon, and reasonable costs and attorneys' fees, as provided by Labor Code § 226;

10. On the Seventh Cause of Action, for damages and/or penalties, as provided by law, in an amount according to proof at the time of trial;

11. On the Eighth Cause of Action, for restitution to Plaintiffs and other similarly situated members of the general public of all funds unlawfully acquired by Defendant by means of any acts or practices declared by

FIRST AMENDED CLASS ACTION COMPLAINT

the Court to be in violation of Bus. & Prof. Code §§ 17200 *et seq.*, for an injunction to prohibit Defendant from engaging in the unfair business practices complained of herein, and for an injunction requiring Defendant to give notice to persons to whom restitution is owing of the means by which to file and make claim for restitution;

12.   On the Ninth Cause of Action, for quasi-contract recovery for services rendered, including restitution;

13.   On the Tenth Cause of Action, for penalties, damages, attorneys' fees and costs, interest, and all other relief provide for under PAGA;

14.   On all causes of action, for attorneys' fees and costs, as provided by Labor Code §§ 218.5, 226, 1194, and Code of Civil Procedure § 1021.5;

15.   On all causes of action, for the penalties permitted by law; and,

16.   For all such other and further relief as the Court may deem just and proper.

DATED: June 3, 2019                    **MARLIN & SALTZMAN, LLP**

By:  /s *Adam M. Tamburelli*_____
       Stanley D. Saltzman, Esq.
       Adam M. Tamburelli, Esq.
       Cody A. Kennedy, Esq.
       *Attorneys for Plaintiffs, the putative Class,*
       *and the Aggrieved Employees*

FIRST AMENDED CLASS ACTION COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

DATED: June 3, 2019                    **MARLIN & SALTZMAN, LLP**

                                       By:  /s *Adam M. Tamburelli*
                                            Stanley D. Saltzman, Esq.
                                            Adam M. Tamburelli, Esq.
                                            Cody A. Kennedy, Esq.
                                       *Attorneys for Plaintiffs, the putative Class,*
                                       *and aggrieved employees*

FIRST AMENDED CLASS ACTION COMPLAINT