UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUY NAM LY and KIET NGUYEN individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>J.B. HUNT TRANSPORT, INC., an Arkansas corporation, and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-01334-SVW-SS<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter came on regularly for hearing on the Plaintiffs' Motion for Final Approval of Class Action Settlement on December 14, 2020. The Parties have submitted the Joint Stipulation of Settlement and Release of Class Action Claims (Stipulation), which this Court preliminarily approved in its August 18, 2020 order. Having received and considered the Stipulation, the supporting papers, the response of the Class Members to the Notice of Settlement, any objections filed by Class Members, and the evidence and argument received by the Court at the Final Approval Hearing on December 14, 2020, the Court GRANTS final approval of the Settlement and hereby FINDS and ORDERS as follows:

1.  Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Stipulation.

2.  Pursuant to the Preliminary Approval Order, a Notice Packet was sent to each Class Member by first-class United States mail. The Settlement Administrator took

reasonable steps to provide the Notice Packet to Class Members when it learned that the address to which those documents were mailed was no longer accurate. The Notice of Settlement and Notice of Estimated Individual Settlement Amount, informed Class Members of the terms of the Settlement, their right to dispute their Estimated Individual Settlement Amount and the procedure therefore, their right to object to the Settlement or to opt out of the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Approval Hearing. Notice was provided with ample time for the Class Members to follow these procedures.

3.  The Court finds that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. Notice was accomplished in all material respects in the manner prescribed by the Stipulation. The Court finds that the notice provided notice to all persons entitled to such notice in this case, was the best notice practicable, and, therefore, fully satisfied the requirements of due process.

4.  The Court hereby unconditionally certifies the Class, as defined in the Stipulation, for purposes of settlement only, as follows:

> All current and former California-resident truck drivers who signed Intermodal Independent Operator Contractor Operating Agreements with appendices under which they performed work for J.B. Hunt in California at any time during the period from June 25, 2014 to August 18, 2020.

For the reasons stated in the Preliminary Approval Order, this Court finds that the Class meets the legal requirements for class certification under Federal Rule of Civil Procedure 23 (Rule 23).

5.  The Court hereby approves the Settlement as set forth in the Stipulation and finds that the Settlement is, in all respects, fair, adequate, and reasonable. The Court makes this finding based on a weighing of the strength of Plaintiffs' claims and

Defendant's defenses with the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of non-collusive arms-length negotiations between experienced counsel representing the interests of the Class and J.B. Hunt, after thorough factual and legal investigation. In granting final approval of the Settlement, the Court considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the Class Members, and the fact that the Settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial. Additionally, the Court finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member. The Court further finds that the response of the Class to the Settlement supports final approval of the Settlement. Accordingly, pursuant to Rule 23(e), the Court finds that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member. *Staton v. Boeing,* 327 F.3d 938, 960 (9th Cir. 2003). The Court also hereby finds that Plaintiffs have satisfied the standards and applicable requirements for final approval of this class action settlement under Rule 23.

6. The Court hereby finds the Gross Settlement Amount provided for in the Settlement is fair, reasonable, and adequate.

7. There have been no objections to the Settlement, which is additional evidence of the fairness, reasonableness and adequacy of the Gross Settlement Amount.

8. The Court orders the Parties to implement, and comply with, the terms of the Settlement.

9. Nothing in this Judgment precludes any action to enforce the Parties' obligations under the Settlement or under this Order.

10. The Court authorizes and directs the Settlement Administrator to calculate and pay the Individual Settlement Amounts of all Class Members who did not opt-out of the Settlement.

1     11.    Plaintiffs' counsel, Marlin & Saltzman, LLP, 29800 Agoura Road, Suite 210, Agoura Hills, California 91301, is designated as Class Counsel for the purposes of accomplishing and effectuating the Settlement.

     12.    The Court also approves the payment of $13,000.00 to CPT Group, Inc., for the costs of administering the Settlement, as set forth in the Stipulation.

     13.    The Court hereby approves as fair and reasonable incentive payments to be paid from the Gross Settlement Amount in the amount of ~~$25,000.00~~ $10,000 [SVW] to each of the Named Plaintiffs, Duy Nam Ly and Kiet Nguyen, for a total of ~~$50,000.00~~ $20,000.00 [SVW].

     14.    The Court hereby approves as fair and reasonable the attorney's fees requested by Marlin & Saltzman LLP in the amount of $1,625,000.00, being 25% of the Gross Settlement Amount, to be paid from the Gross Settlement Amount. This amount represents a sum equal to the "benchmark" established in the Ninth Circuit and based on the substantial payments to be made to the class members as a result of this settlement, is both fair and reasonable, and consistent with Ninth Circuit precedent. A "cross-check" of this percentage of the fund award, based upon the contemporaneous billing records submitted with the declaration of Mr. Stanley D. Saltzman of Marlin & Saltzman, documenting the hours worked by Class counsel, and the application of a reasonable multiplier, has also been conducted by the Court, and the Court finds that the cross-check confirms the fairness of the attorney's fee award.

     15.    The Court also approves the payment of reasonable costs of litigation, as submitted by Class Counsel, in the amount of $10, 709.73, in full reimbursement of the claim for costs submitted herein. The costs submitted were reasonable and customary for such class action litigation and are thus approved.

     16.    As of the Effective Date of the Settlement, as defined in the Stipulation, all of the Released Claims of each Class Member who did not timely opt out, as well as the Class Representatives' Released Claims, are and shall be deemed to be released as against J.B. Hunt and the Released Parties (as defined by the Stipulation). As of the date

of this Judgment, all Class Members who did not timely opt out are bound by the Judgment, and the Settlement. Except as to such rights or claims that may be created by the Settlement, all Class Members as of the date of this Judgment who did not timely opt out are hereby forever barred and enjoined from commencing or prosecuting any of the claims, either directly, representatively, or in any other capacity, that are released by the Settlement against J.B. Hunt or any of the Released Parties.

~~17. The Court finds that the individuals listed on *Exhibit A* hereto submitted timely Opt-Out Requests and, accordingly, are not bound by the terms of the Settlement or the Judgment in this Action.~~

18. Neither the Settlement nor any of the terms set forth in the Settlement constitute an admission by J.B. Hunt, or any of the Released Parties, of liability to the Plaintiffs or any Class Member, nor does this Judgment constitute a finding by the Court of the validity of any of the claims alleged in the Action, or of any liability of J.B. Hunt or any of the Released Parties. Neither the making of nor entering into the Settlement constitutes an admission by J.B. Hunt or any of the Released Parties; nor is this Judgment a finding of the validity of any claims in the Action or of any other wrongdoing. Further, the Settlement is not a concession and shall not be used as an admission of any wrongdoing, fault, or omission of any entity or persons; nor may any action taken to carry out the terms of the Settlement be construed as an admission or concession by or against J.B. Hunt or any of the Released Parties. Evidence of the making or entering into the Settlement shall not be offered or received into evidence in any action or proceeding against any party hereto in any Court, or other tribunal for any purpose, other than to enforce this Judgment, or the Settlement, or to support a defense by J.B. Hunt or the Released Parties of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction.

~~19. Without affecting the finality of the Settlement or the Judgment in any way, the Court shall retain exclusive and continuing jurisdiction over this Action and~~

~~the Parties, including all Class Members, for the purposes set forth in the Stipulation.~~

20. The Court hereby grants final approval of the Settlement and, in accordance with the terms of the Stipulation, hereby enters judgment approving the terms of the Settlement and ordering that the Action is hereby dismissed, with prejudice, in accordance with the Stipulation. The First Amended Complaint is dismissed on the merits, with prejudice, on a classwide basis. The Class Representatives' Released Claims, as set forth in the Settlement, are dismissed on the merits, with prejudice.

21. Class Counsel shall file an accounting showing proof of payments made to Class Participants on or before June 30, 2021.

IT IS SO ORDERED.

Dated: December 17, 2020

_____
Honorable Stephen V. Wilson
Judge, United States District Court

4827-1198-3826, v. 1